Argued and submitted October 10, affirmed November 21, 1984, reconsideration denied January 11, petition for review denied February 12, 1985 (298 Or 704)

In the Matter of the Estate of
Wallace B. Rogers, Sr., Deceased.

ROGERS et al,
*Respondents - Cross-Appellants,*

*v.*

ROGERS et al,
*Appellants - Cross-Respondents.*

(W81-265; CA A29816)

691 P2d 114

Eldon F. Caley, Roseburg, argued the cause for appellants -

cross-respondents. With him on the briefs was Neal Walker, Roseburg.

Randolph L. Garrison, Roseburg, argued the cause for respondents - cross-appellants. With him on the briefs was Garrison & Garrison, Roseburg.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

### YOUNG, J.

In this will contest, the trial court ruled that the will of Wallace Rogers, Sr. (decedent) could not be admitted to probate because it had not been attested as required by ORS 112.235(3). Anita E. Rogers, decedent's surviving spouse, and Alda E. Hartfiel,[1] proponents of the will, appeal. Respondents, sons of decedent and contestants of the will, cross-appeal from the denial of attorney fees. We affirm.

■ The relevant facts are stipulated. On December 8, 1978, decedent signed the will in the presence of his wife, Anita, and his attorney, Thomas C. Hartfiel, and they saw decedent sign his will. Hartfiel attested the will by signing his name to it as a witness, in the presence of decedent and Mrs. Rogers. Mrs. Rogers did not attest the will at that time. On July 23, 1981, decedent died. On June 23, 1982, Mrs. Rogers signed her name to the will as an attesting witness. The trial court ruled that, because the will had not been attested by two witnesses before the death of decedent, the will had not been validly executed and that decedent died intestate. The issue is whether a will to be duly executed must be signed and attested by two witnesses before the death of the testator. We hold that it must.

The execution of a will is governed by ORS 112.235 which provides in pertinent part:

"A will shall be in writing and shall be executed with the following formalities:

"(1) The testator, in the presence of each of the witnesses, shall:

"(a) Sign the will;

"* * * * *

"(3) At least two witnesses shall each:

"(a) See the testator sign the will;

"* * * * *

"(c) Attest the will by signing the witness' name to it."

---

[1] Thomas C. Hartfiel was decedent's former attorney and a proponent of the will. He died during this litigation and his wife, Alda E. Hartfiel, was substituted. Thomas C. Hartfiel and Alda E. Hartfiel are not heirs of decedent or beneficiaries under the will.

ORS 112.235 was enacted in 1969 as part of a general revision of the probate code. Or Laws 1969, ch 591, § 37. ORS 112.235(3)(c) originally provided:

"(3)   At least two witnesses shall each

"* * * * *

"(c)   Attest the will by signing his name to it in the presence of the testator and at his request."

In 1973, section (3)(c) was amended by deleting the requirement that attestation take place "in the presence of the testator and at his request." Or Laws 1973, ch 506, § 7.

Appellants argue that the 1973 amendment evinces a legislative intent to eliminate "any earlier requirement that the testator still be alive when attestation occurs." The amendment was intended to omit a "needless and unexpected requirement." Memorandum to the Oregon Advisory Committee on Probate Revision by Dean Eugene F. Scoles at 15 (Oregon State Archives). The Advisory Committee on Probate Revision recommended the 1973 amendment and determined that the "presence" requirement was not necessary to protect against fraud. Minutes, Senate Committee on the Judiciary, February 23, 1979, at 9.

We agree with appellants that ORS 112.235 no longer requires the witness to attest the will at the time and place it is signed by the testator, provided the other formalities of execution are met. We do not agree that attestation may occur after the testator's death. Attestation is a formal requirement for the execution of a will. ORS 112.235. A will takes effect at the time of the testator's death. *U.S. Nat. Bank v. First Nat. Bank,* 172 Or 683, 692, 142 P2d 785, 143 P2d 909 (1943); *Butte v. Crohn,* 8 Or App 284, 285, 494 P2d 258 (1972). ORS 111.005(20) defines "intestate" as "the circumstance of dying without leaving a valid will." If the requirements of execution have not been met at the time of the death of the testator, then the will is not valid and the purported testator has died intestate. The trial court was correct when it ruled that decedent's will was not duly executed before his death and that he died intestate.[2]

---

[2] The Nebraska Supreme Court reached the same conclusion in construing a similar statute. *See In Re Estate of Flicker,* 215 Neb 495, 339 NW 2d 914 (1983).

■ ■   We turn to the cross-appeal. Respondents' claim for attorney fees is based on "the inherent power" of courts in equity to award attorney fees. *See Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975). The general rule is that attorney fees cannot be awarded unless provided by statute or contract. However, they may be awarded to a party who at his own expense and not for his sole benefit successfully brings suit to benefit an estate or trust as a whole. *See Jones v. Kuhn,* 59 Or App 135, 140, 650 P2d 999 (1982), citing *State Land Board v. Sovenko, et al,* 202 Or 571, 574-76, 277 P2d 781 (1954). The result of respondents' successful challenge to the will was to eliminate the testate share of Mrs. Rogers and substitute a reduced intestate share and to entitle respondents to an intestate share of the estate. The respondents are the only parties to gain from the will contest. The trial court properly denied attorney fees.[3]

   Affirmed.

---

[3] This result moots appellants' alternative contention that respondents failed to comply with ORCP 68C(2).