Submitted on record and briefs May 16, affirmed September 12, 1990

In the Matter of the Estate of
William J. Van Winkle, Deceased.

Alva L. MOSER,
*Appellant,*

*v.*

Joyce VAN WINKLE
and Nonie Delph-Petrie,
*Respondents.*

(PR 85-109; CA A61268)

797 P2d 1063

Charles O. Porter, Eugene, submitted the briefs for appellant.

Michael B. Collins and Collins & Collins, Pendleton, submitted the brief for respondent Delph-Petrie.

No appearance for respondent Van Winkle.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

The former co-personal representative of decedent's estate, Moser, appeals from an order surcharging him for the balance of the attorney fees and costs that the court allowed respondents against the estate. We affirm.

Moser and respondent Van Winkle, decedent's widow, were appointed co-personal representatives of decedent's estate. Van Winkle executed a power of attorney designating Moser to act on her behalf as co-personal representative. On October 22, 1987, the court entered a decree of final distribution for decedent's estate. Moser filed a supplemental final account on June 22, 1988.

On July 5, 1988, respondent Delph-Petrie, one of decedent's heirs, filed an objection to the first annual accounting, decree of final distribution and supplemental final accounting on the ground that Moser had not "fully accounted for all estate assets in his possession." Delph-Petrie also filed a motion requesting that the court set aside the decree of final distribution; order Moser to render an accounting of all estate assets for which he had not previously accounted; grant a judgment against him for any unaccounted for or misappropriated estate funds and for all estate funds previously paid to him as fees for acting as personal representative; remove him from his position as co-personal representative; award attorney fees and costs incurred by Delph-Petrie; and require payment of a personal representative's bond premium.[1]

The court removed Moser as co-personal representative and ordered him to appear in court and provide documents relevant to the estate to determine if he had misappropriated or had not accounted for any estate funds.

---

[1] ORCP 68C(2) provides, in pertinent part:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

ORCP 68C(1)(c) provides that that rule does not apply when attorney fees "are granted by order, rather than entered as part of a judgment." Whether ORCP 68C(2) applies or not, respondents must plead some basis for their right to attorney fees. *Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596, *petition for review and appeal dismissed,* 308 Or 184 (1989); *see Samuel v. Frohnmayer,* 308 Or 362, 369-70, 779 P2d 1028 (1989).

At a hearing, the wife of the attorney that Moser used in his duties as personal representative, who also worked in the attorney's office, testified. She said that, on June 6, 1988, Van Winkle requested that she ask Moser about some money belonging to the estate for which he had not accounted. Moser came into the attorney's office on June 7, and she told him about her conversation with Van Winkle. She testified that Moser acknowledged that there was about $87,000 for which he had not accounted and that Van Winkle

> "could have some of it right now. It would be her money and some of it would have to be probated. And he said there was about $40,000 or so in Seattle."

She testified that Moser also told her that Van Winkle owed him some money and that he was concerned that the heirs "would not take care of the money properly[.]" Immediately after her conversation with Moser, the attorney's wife prepared a memorandum concerning it.

The attorney's receptionist testified that she heard part of the conversation between Moser and the attorney's wife and that Moser said

> "that [Van Winkle] wasn't going to get [the assets for which Moser had not accounted] until she paid him the $3,100 that she owed him. And besides, she can't take care of money anyway. And then he said something about she's just going to wait until this whole thing is settled then take care of it. Then he said something like, well, you're not hearing this, et cetera, and that was all I heard."

The receptionist also prepared a memorandum concerning the conversation shortly after it occurred. Moser testified that his statements to the attorney's wife concerning the assets for which he had not accounted were made "[a]s a joke." He also testified that the attorney's wife

> "had quoted what [Van Winkle] had said and she asked did I know of $87,000 and she said is there $87,000 out there. And I said sure. But it was land—[decedent's] land stock and it wasn't $87,000, no way."

The court did not find that Moser had misappropriated or had not accounted for any estate funds; however, it entered the challenged order on the basis of respondents' costs and attorney fees incurred in investigating Moser's statements and accounting.

We review the trial court's order *de novo*. *Wadsworth v. Bank of California,* 97 Or App 491, 499, 777 P2d 975, *rev den* 308 Or 593 (1989); *Hayes v. Bosch,* 31 Or App 897, 901, 571 P2d 1264 (1977). Moser argues that respondents did not allege the proper authority for an award of attorney fees and costs, as required by ORCP 68C(2). Respondents alleged that they were entitled to costs and attorney fees under ORS 114.395,[2] which provides, in pertinent part:

> "If the exercise of power by a personal representative in the administration of an estate is improper, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust."

Moser argues that respondents are not entitled to attorney fees under ORS 114.395, because Moser's remarks to his attorney's wife could not be interpreted as an improper exercise of power or a breach of duty. The court concluded that there was insufficient evidence that Moser took or withheld any funds from the estate. On review, we find insufficient evidence for such a finding. However, ORS 114.265 provides:

> "A personal representative is a fiduciary who is under a general duty to and shall collect the income from property of the estate in the possession of the personal representative and *preserve, settle and distribute the estate * * * as expeditiously and with as little sacrifice of value as is reasonable under the circumstances.*" (Emphasis supplied.)

The credible testimony of Moser's attorney's wife and receptionist demonstrate that Moser made remarks that could lead a reasonable person to believe that he had taken or withheld funds from the estate. Those remarks resulted in an investigation that depleted estate assets and delayed any possible distribution of the estate for at least a year.[3] Therefore, Moser

---

[2] Respondents also referred to ORS 128.115 in their points and authorities. ORS 128.115 is only somewhat relevant. Nonetheless, if respondents are entitled to attorney fees under ORS 114.395, the propriety of their citation to ORS 128.115 makes no difference.

[3] After Moser was removed as co-personal representative of the estate, the court granted Van Winkle's motion for an order releasing $350 from the estate to pay for a financial investigation of Moser. The motion provided that "[s]uch an asset investigation is necessary to determine whether there are assets which can be discovered which rightfully belong to the estate or if any assets have been misappropriated by Mr.

violated his fiduciary duty under ORS 114.265.

Moser also implies that respondents are not entitled to attorney fees under ORS 114.395, because a trustee of an express trust would not be liable for attorney fees under similar circumstances. ORS 128.135(2)(a) provides that a trust beneficiary

"may petition a court with jurisdiction to grant equitable remedies in any county where trust assets are located or where the trustee resides for the purpose of * * * [r]equiring, reviewing or approving an accounting of a trustee of the trust."

That proceeding is analogous to the proceeding here to review Moser's accounting. ORS 128.155 provides:

"If the beneficiary is successful [in a petition under ORS 128.135 or ORS 128.145], the court may tax the costs and disbursements of the proceeding, including any appeal therein, and reasonable attorney fees against the trust estate or the trustee individually."

Respondents here were successful in that the court removed Moser from his position as personal representative and ordered him to provide them with documents and testimony to review his accounting. Under similar circumstances, the court could have taxed costs and reasonable attorney fees against the trustee of an express trust under ORS 128.155; therefore, it had the authority to order Moser, as personal representative, to pay costs and attorney fees under ORS 114.395.[4]

Affirmed.

---

Moser." The order that provided for surcharging Moser also provided:

"Of the remaining $422.62 in estate funds held by the clerk of the court, $211.31 shall be paid to Joyce Van Winkle's attorney, Steven Thomas, in satisfaction of her judgment and $211.31 shall be paid by the clerk to Michael B. Collins, in satisfaction of the judgment of Nonie Delph-Petrie."

Therefore, the record demonstrates that estate funds were depleted by the sum of $772.62 in the investigation that resulted from Moser's remarks.

[4] We need not separately address Moser's remaining arguments, because they have been answered in our discussion.