Submitted on record and briefs October 1, 1990, reversed and remanded for entry of
judgment for attorney fees March 6, 1991

## Tony M. WALKER,
*Appellant,*

*v.*

## Benjamin Davis GROTE,
*Respondent,*

*and*

## Judy THOMAS,
Nancy Bloxom and Excel Realty, Inc.,
*Defendants.*

(16-89-00617; CA A63483)

806 P2d 725

David Dickens and John C. Fisher, Eugene, filed the briefs
for appellant.

Benjamin Davis Grote, Enterprise, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals the amount of attorney fees awarded to him. The issue is whether a trial court has the authority, under ORCP 68C, to award attorney fees in an amount less than that requested in the absence of a timely objection to the fee request.

Plaintiff prevailed in an action against Grote (defendant) for breach of warranty. Plaintiff then submitted a timely petition for attorney fees in the amount of $6,555.36. Defendant did not object to the petition within the time allowed. ORCP 68C(4)(b).[1] The trial court awarded fees in the amount of $3,000, and plaintiff moved for reconsideration, arguing that, absent a timely objection to the amount of the fees claimed, the trial court had no authority to award less than the fees claimed. The court denied the motion and explained:

> "ORCP [68C] provides that when attorney fees are requested following a default judgment approval of the Court is necessary. However, this subsection does not imply that the Court's discretion is limited to default judgments. ORCP 68A(1) defines attorneys fees as 'the reasonable value of legal services....' By instituting a reasonableness standard the legislature conferred the necessary discretion upon the Court to enforce the standard."

Plaintiff contends that that reasoning confuses the standard for review with the situations in which review is authorized. We agree. When attorney fees are authorized by a contract or a statute, ORCP 68C provides the procedure for awarding them.

■ For the purposes of ORCP 68, "attorney fees" are defined as

> "the reasonable value of legal services related to the prosecution or defense of an action." ORCP 68A(1).

To recover fees, a party must assert the right by alleging in the pleading the facts, statute or rule that provides for the award.

---

[1] The trial court ruled that defendant's objections were untimely and were disallowed. Defendant did not request, and the court did not grant, an extension of time for him to file his objections. ORCP 15D.

ORCP 68C(2). That serves to put the other party on notice that a request for fees may be filed after the merits are decided.

■ Within 10 days after the entry of judgment, the party seeking fees must file with the court, and serve on other parties who have appeared, a detailed statement of the amount of attorney fees sought. ORCP 68C(4)(a)(i) and (ii). If that is done, the rule directs that attorney fees *shall* be entered by the clerk as part of the judgment. ORCP 68C(4)(a). The rule provides for review of the amount by the court in only two situations. The first is when a default judgment was obtained. ORCP 68C(4)(a)(ii).[2] The second is "[u]pon service and filing of timely objections." ORCP 68C(4)(c).

A party may file objections to all or part of the fees claimed within 15 days of receiving the statement. ORCP 68C(4)(b). Review by the court is triggered by that filing. ORCP 68C(4)(c). After the hearing, the court has to make a statement of the attorney fees allowed, and the clerk enters those fees as part of the judgment. ORCP 68C(4)(d). It is at that stage that the court must determine if the fees are reasonable.

■■ The definition of attorney fees as the reasonable value of legal services provides a standard for assessing fees *when the court is authorized to do so.* The process implicitly assumes that claims not challenged have been conceded. The application of that principle to the process of awarding attorney fees means that, absent a timely objection, the adverse party is presumed to have conceded that the fees claimed are reasonable and has waived the right to object. The trial court was without authority to award less than the fees claimed in this case, because reasonableness was not challenged.

Reversed and remanded for entry of judgment for attorney fees claimed.

---

[2] That procedure is necessary because, in the event of a default judgment, there is no appearing adverse party to be served with the fee statement and, therefore, no reason to presume that an objection will be forthcoming, even if the fees claimed are unreasonable.