Argued and submitted March 16, reversed and remanded for further proceedings
May 20, 1992

In the Matter of the Marriage of

Janice Lea FLOETER,
*Appellant,*

*and*

Michael William FLOETER,
*Respondent.*

(D8007-66163; CA A71910)

830 P2d 626

Harvey W. Keller, Portland, argued the cause for appellant. With him on the brief were Lawrence D. Gorin and Keller, Gottlieb & Gorin, Portland.

Robert L. McKee, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

The question is whether a trial court has authority to award attorney fees when the parties stipulate to an increase in child support.

Mother moved to increase father's child support payments and to recover reasonable attorney fees and costs incurred in connection with the modification proceeding. The parties entered into a stipulated agreement as to the increased amount of support to be paid by father. However, because they were unable to agree on mother's request for attorney fees and expenses, the stipulated agreement included a provision that mother would be allowed to file a statement pursuant to ORCP 68 and the trial court would then decide whether and in what amount attorney fees and costs should be awarded.

The trial court entered a judgment based on the parties' agreement. Mother then filed her request for attorney fees and costs. Father filed an untimely objection.[1] The trial court entered a judgment denying mother's request. It explained that, because the case was settled without a hearing, "there is no basis in the law for an award of attorney fees." Mother appeals, contending that the court erred in reaching that legal conclusion. We agree.

"[U]pon the motion of either party," a trial court has the power to modify the child support provisions of a dissolution judgment. ORS 107.135(1)(a). When a party has initiated a legal proceeding to obtain such a modification, the court is authorized to award attorney fees:

> "In a proceeding under subsection (1) of [ORS 107.135], the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party." ORS 107.135(7).[2]

---

[1] Under ORCP 68C(4)(b), objections to a party's request for attorney fees must be served within 14 days. *See Walker v. Grote*, 106 Or App 214, 217, 806 P2d 725 (1991).

[2] In 1991, ORS 107.135(6) was renumbered ORS 107.135(7). Or Laws 1991, ch 888, § 2.

By filing her motion to modify child support, mother initiated a "proceeding under subsection (1)" and triggered the provisions of ORS 107.135(7). That statute contains no requirement that the parties' dispute be resolved as a result of a contested hearing on the merits and no exception for disputes that are partially resolved by agreement. Accordingly, the court erred in concluding that it lacked authority to award fees and costs. If, on remand, the trial court determines that an award is appropriate, *see generally Haguewood v. Haguewood*, 292 Or 197, 212-14, 638 P2d 1135 (1981), it may so order.

Reversed and remanded for proceedings not inconsistent with this opinion. No costs to either party.