Argued and submitted March 27, 1995, reversed and remanded in part; otherwise
affirmed January 3, 1996

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
*Respondents,*

*v.*

Eva HIATT,
in her capacities as Personal Representative
of the Estate of Dollie E. Crockett,
Deceased, and the Trustee of the
Zahnie Crockett Revocable Living Trust,
*Appellant.*

(92CV105)

In the Matter of the Trust of
Zahnie J. Crockett, Deceased.

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
*Respondents,*

*v.*

Eva HIATT,
Trustee of the Trust of
Zahnie J. Crockett, Deceased,
*Appellant.*

(92PR019)

In the Matter of the Trust of
Dollie E. Crockett, Deceased.

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
*Respondents,*

*v.*

Eva HIATT,
Personal Representative of the
Estate of Dollie E. Crockett, Deceased,
*Appellant.*

(91PR048; CA A82252)

909 P2d 191

Les Swanson, Jr., argued the cause and filed the briefs for appellant.

James N. Westwood argued the cause for respondents. With him on the brief were John R. Bakkensen and Miller, Nash, Wiener, Hager & Carlsen.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiffs, the surviving grandchildren of Dollie and Zahnie Crockett, initiated this action to challenge the probate of the will of Dollie Crockett. Consolidated with this action is a separate proceeding in which plaintiffs sued Eva Hiatt, daughter of Dollie and Zahnie Crockett, in her capacity as personal representative of Dollie Crockett's estate and as trustee of Zahnie Crockett's revocable living trust. Plaintiffs alleged breach of fiduciary duty and prayed for the imposition of a constructive trust, an accounting and an award of attorney fees. Also consolidated with this action is plaintiffs' petition for the removal of defendant Hiatt as trustee of the Zahnie Crockett trust. The trial court set aside Dollie Crockett's will, removed Hiatt as trustee, invalidated Hiatt's conveyance of certain real property from the Zahnie Crockett trust, ordered an accounting of the disposition of the trust assets and awarded attorney fees against Hiatt in her personal capacity, not as personal representative or trustee. Hiatt appeals, assigning error to the setting aside of the will, to the invalidation of the sale of trust property and to the order requiring her personally to pay attorney fees. On *de novo* review, ORS 19.125(3), we reverse the portion of the judgment requiring Hiatt personally to pay attorney fees and affirm the balance of the judgment.

During their marriage, Dollie and Zahnie Crockett accumulated substantial holdings, including parcels of timber and farmland in Curry County, amounting to some 2,200 acres, collectively known as "the Ranch." They had four children: Dollie Jean, June, Eva Hiatt and Zahna. Dollie Jean, the eldest, had four children, who are plaintiffs in this action. Dollie Jean died in 1978.

Hiatt lived in Baker City with her husband and worked as a CPA. In the late 1970's, however, Dollie and Zahnie asked her to return to Curry County to help with the Ranch. She did so.

In 1979, Zahnie Crockett became terminally ill. With the assistance of Hiatt, he and Dollie executed wills and created a revocable living trust. Under the terms of those instruments, Dollie and Zahnie each held a 50-percent interest in the Ranch. Upon Zahnie's death, half of his interest in

the Ranch would pass to Dollie directly; the other half would pass to the Zahnie Crockett trust, to be administered by Hiatt for the purpose of supporting Dollie and the three surviving children. Upon Dollie's death, the trust was to be distributed in four equal parts: one part to each of the three surviving children and the fourth part to be divided equally among plaintiffs, the children of Dollie Jean, the deceased fourth daughter. Upon her death, Dollie's interest in the Ranch was to pass to the three children and plaintiffs in the same fashion.

One month after the execution of the wills and the trust instrument, Zahnie Crockett died. In accordance with the terms of Zahnie's will, Dollie inherited one half of Zahnie's 50 percent of the Ranch, giving her a total interest in the property of 75 percent. The remaining 25-percent interest went to the trust. After Zahnie's death, one of plaintiffs, Ted McNeely, inquired about the will of his grandfather. Hiatt refused to disclose the contents of the will and asserted her sole authority over the disposition of the trust.

In 1984, Hiatt arranged to have Dollie's will revised. She personally contacted the attorneys and provided them with all the necessary information. Although she was to be a beneficiary of the 1984 will, Hiatt made no arrangements for Dollie to receive advice from anyone else on the preparation of the new document; indeed, she obtained from Dollie a written waiver of any conflict and a statement that Dollie did not wish independent advice. The lawyer who ultimately prepared the new document saw Dollie Crockett only at the signing.

Under the terms of the 1984 will, Dollie's 75-percent interest in the Ranch would, upon her death, be distributed in three equal shares, one to each of the three surviving daughters, including Hiatt. Plaintiffs were to receive one dollar each. Eleven days after the will was signed, Hiatt — acting as trustee of the Zahnie Crockett trust — sold the 25-percent interest in the Ranch then held by the trust to Dollie Crockett. Hiatt did not inform the beneficiaries of the changes; only she and the attorney she retained knew of the sale. She later testified that she sold the property not to benefit the trust, but to facilitate the new estate plan for Dollie Crockett. The net effect of the foregoing changes was that plaintiffs would inherit no interest in the Ranch.

On November 25, 1991, Dollie Crockett died. On December 4, 1991, Hiatt filed a petition to probate Dollie Crockett's 1984 will. The court admitted the will to probate and appointed Hiatt as personal representative.

On March 16, 1992, plaintiffs filed a Petition to Contest the 1984 will. The petition named Hiatt in her capacity as personal representative of Dollie Crockett's estate. Hiatt was not named individually. Plaintiffs alleged that the will "was induced by undue influence and fraud." Plaintiffs requested that Hiatt, as personal representative, be ordered to show cause why the order admitting the will into probate should not be revoked. Plaintiffs also requested that Hiatt be removed as personal representative of the estate.

On April 22, 1992, Hiatt, as trustee, filed a Petition for Approval of her Final Accounting and Distribution of the Zahnie Crockett trust assets. That same day, plaintiffs filed their First Amended Complaint against Hiatt in her capacity as personal representative of Dollie Crockett's estate and as trustee of the Zahnie Crockett trust. Again, Hiatt was not named individually. The complaint sought a constructive trust on the estate and an accounting with regard to the trust. Plaintiffs also alleged that Hiatt had breached her fiduciary duties as trustee in selling the 25-percent interest in the Ranch to Dollie Crockett and prayed for

"judgment in plaintiffs' favor and against Hiatt for damages they have sustained as a result of Hiatt's breach of her fiduciary duties."

Plaintiffs also alleged under each claim for relief that they "are equitably entitled to their attorney fees."

On May 14, 1992, plaintiffs filed an Objection to Hiatt's Petition for Approval of Final Account and Distribution of the Zahnie Crockett trust. Plaintiffs' objection incorporated by reference essentially all the allegations of their April complaint against Hiatt. Plaintiffs also alleged that the trust was not ready for final settlement and distribution, because, as a result of Hiatt's breach of fiduciary duty, Dollie Crockett's estate contained assets to which the Zahnie Crockett trust was entitled. Plaintiffs requested that they be awarded their costs and attorney fees but alleged no specific authority regarding fees.

The three actions were consolidated. The court concluded that Dollie Crockett's 1984 will was void, because it was the product of Hiatt's undue influence. The court also concluded that Hiatt acted while in a position involving a conflict of interest and had breached her fiduciary duties by selling the Ranch interest from the trust to Dollie Crockett in furtherance of her personal interests without obtaining a sufficient valuation and without advising the beneficiaries of the sale. On November 16, 1993, the court entered a judgment ordering that the 1984 will was void, that Hiatt be removed as trustee and personal representative, that the sale of the property from the trust to the estate be rescinded, and that Hiatt pay plaintiffs $68,019.70 in attorney fees.

■ Hiatt first challenges the trial court's invalidation of the will. According to Hiatt, the trial court erred in setting aside the 1984 will without having made a specific finding that Hiatt held a position of "dominance" over Dollie Crockett. Plaintiffs argue that no such finding is required. We conclude, on *de novo* review, that, regardless of whether such an explicit finding is required, the evidence in the record shows that Hiatt held a position of dominance over Dollie Crockett. Dollie relied exclusively on Hiatt, largely because of Hiatt's experience and professional training. Hiatt exercised near exclusive control over the preparation of the 1984 will and took steps to ensure that others would not be in a position to influence Dollie Crockett in the process.

■ Hiatt alternatively argues that the trial court erred in invalidating the will, because its decision was based on an incorrect application of the burden of proof. Hiatt notes that the trial court held that, once plaintiffs demonstrated undue influence, the burden "shifted" to Hiatt to disprove undue influence. Plaintiffs argue that the trial court's remark must be understood to mean only that Hiatt failed to controvert their proof of undue influence. We agree with plaintiffs.

Although the trial court referred to a "burden" being "shifted," it is clear, in context, that the trial court was not attempting to shift plaintiffs' burden of proof. Instead, the trial court, quite correctly, was referring to Hiatt's "burden" of overcoming the adverse presumption of undue influence that follows from proof of a confidential relationship in the context of suspicious circumstances. As the Supreme Court

explained in *In re Reddaway's Estate*, 214 Or 410, 329 P2d 886 (1958):

> " 'The existence of a confidential relationship * * * may justify a suspicion of undue influence so as to require the beneficiary to go forward with the proof and present evidence sufficient to overcome the adverse inference.' "

*Id.* at 420 (quoting *In re Southman's Estate*, 178 Or 462, 482, 168 P2d 572 (1946)). Similarly, in *Nease v. Wilson, Clark*, 6 Or App 589, 488 P2d 1396, *rev den* (1971), this court commented that

> "[t]he burden of proof as to undue influence is upon the contestant. However, where a confidential relationship exists between the testator and a beneficiary, along with other suspicious circumstances, the burden of production is placed upon the proponent[.]"

*Id.* at 596. (Citations and footnote omitted.) That is what the trial court said in this case, and it was not error to do so.

Hiatt argues that, even if it was not error to impose on her an evidentiary burden, the fact is that she carried it, by establishing that Dollie Crockett was not unduly influenced by Hiatt. We disagree. Where a confidential relationship has been shown to exist between a testator and a beneficiary, "slight evidence" is sufficient to establish undue influence. *In re Reddaway's Estate*, 214 Or at 420. The evidence in this case shows that Hiatt, a beneficiary, participated in the preparation of Dollie Crockett's 1984 will; that Hiatt failed to ensure that Dollie Crockett obtained independent and disinterested advice; that the 1984 will and the sale of the Zahnie Crockett trust's interest in the Ranch was accomplished in haste and in a shroud of secrecy; that the change in Dollie Crockett's estate plan followed a close association with Hiatt and resulted in Hiatt obtaining a larger interest in the Ranch at the complete expense of plaintiffs, who otherwise would naturally be expected to have received at least some interest in it. Indeed, the evidence demonstrates nearly all of the factors that are to be considered in determining whether undue influence has occurred. *Id.*; *Van Marter v. Van Marter*, 130 Or App 500, 504, 882 P2d 134 (1994).

Hiatt's evidence to the contrary is unpersuasive. It consists of testimony from witnesses to the signing of the will

that Dollie had said that it reflected her wishes and from other witnesses who knew Dollie for many years and were of the opinion that she knew what she was doing. On *de novo* review, we conclude that that evidence is insufficient to overcome plaintiffs' demonstration of undue influence. The fact that Dollie Crockett appeared fit and active and expressed a desire to follow the advice of Hiatt does not disprove that Hiatt exercised undue influence in the process. The trial court did not err in declaring the 1984 will invalid.

■ Hiatt next argues that the trial court erred in voiding the sale of the 25-percent interest in the Ranch to Dollie Crockett. Hiatt complains that the trial court erred in concluding that she had sold the property for substantially less than market value. Plaintiffs argue that the evidence shows that the sale price was well under market value and that, in any event, the sale is voidable on the basis of other evidence of her breach of duty to the trust and its beneficiaries. Again, we agree with plaintiffs.

Even assuming, for the sake of argument, that the sale price reflected market value, the evidence shows that Hiatt breached her fiduciary duty in selling the property without a valid reason, that is, without any expected benefit to the trust or its beneficiaries. *See Mest v. Dugan*, 101 Or App 196, 200-01, 790 P2d 38, *rev den* 310 Or 133 (1990). In fact, Hiatt conceded that she sold the Ranch in order to effectuate her new estate plan for Dollie Crockett, which included ensuring that plaintiffs did not inherit any interest in the Ranch. She compounded that breach of fiduciary duty by completing the sale in secrecy, without advising any of the beneficiaries. *See Strickland v. Arnold Thomas Seed*, 277 Or 165, 172-74, 560 P2d 597 (1977); *Waterbury v. Nicol et al*, 207 Or 595, 606-08, 296 P2d 487, 298 P2d 211 (1956). The trial court did not err in voiding the sale.

■ Hiatt next assigns error to the trial court's award of attorney fees. She argues first that the court erred in awarding fees on the will contest action, because plaintiffs' petition did not plead a basis for an award of attorney fees. Plaintiffs argue that they did effectively allege entitlement to attorney fees by requesting in their prayer for relief "such other and further relief as the court may deem equitable and just." In the alternative, they argue that the award of fees on the will

contest action was entirely proper, because that action was consolidated with the Petition for Approval of Final Accounting and the complaint against Hiatt for breach of fiduciary duty, both of which contain allegations that plaintiffs are "equitably entitled" to attorney fees.

We review plaintiffs' entitlement to attorney fees as a question of law. *Moser v. Van Winkle,* 103 Or App 398, 402, 797 P2d 1063 (1990). ORCP 68 C(2)(a) generally governs the requirements for establishing entitlement to fees. That rule provides, in part:

> "A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fees is alleged as provided in this subsection."

ORCP 68 C(2)(a). The purpose of the rule is to provide an opposing party with notice that he or she may be held liable for attorney fees and to provide that party an opportunity to contest the availability of fees before proceeding to a trial on the merits. *Walker v. Grote,* 106 Or App 214, 217, 806 P2d 725 (1991).

In this case, plaintiffs' Petition to Contest the 1984 Will contains no allegations as to the "facts, statute or rule" providing the basis for an award of attorney fees. The general prayer, which contains the request for "such other and further relief as the court may deem equitable and just," does not suffice. *See Lewis v. Dept. of Rev.,* 294 Or 139, 143, 653 P2d 1265 (1982). That the action ultimately was consolidated with others in which there were allegations as to the basis for an award of attorney fees does not cure the problem. Plaintiffs still failed to provide any notice to Hiatt that she might be liable for attorney fees for defending the portion of the consolidated proceedings related to the will contest. Accordingly, we conclude that the trial court erred in awarding plaintiffs attorney fees on their action to contest the will.

Hiatt argues that the trial court erred in awarding plaintiffs attorney fees on the other two actions as well. She argues that, although plaintiffs did allege entitlement to fees under the inherent power of a court sitting in equity, *see Rogers v. Rogers,* 71 Or App 133, 137, 691 P2d 114 (1984), *rev*

*den* 298 Or 704 (1985), it was nevertheless improper to award fees in this case, because plaintiffs failed to file an irrevocable letter of credit or undertaking, as required by ORS 128.155. Plaintiffs argue that the requirements of ORS 128.155 do not apply to the common law proceedings that they initiated.

ORS 128.155 provides, in part:

> "A beneficiary who petitions a court under ORS 128.135 or 128.145 shall file with the petition an irrevocable letter of credit issued by a commercial bank, * * * or an undertaking with one or more sureties to the effect that the beneficiary will pay all costs, disbursements and reasonable attorney fees that may be ordered against the beneficiary in the proceeding."

By its terms, the statute applies only to a beneficiary "who petitions a court under ORS 128.135 or 128.145," which describe statutory bases for obtaining court orders modifying a trust. In this case, plaintiffs did not petition under either statute; rather, they alleged equitable claims for relief. ORS 128.175 provides that the statutory remedies described in ORS 128.135 and ORS 128.145

> "are cumulative and do not limit or abrogate any inherent power of a court with jurisdiction to grant equitable remedies."

Accordingly, the undertaking requirements of ORS 128.155 do not apply.

Hiatt also argues that the trial court erred in awarding fees on the action for breach of fiduciary duty and on the petition for a final accounting, because the request for fees was insufficiently detailed. *See* ORCP 68 C(4). We have reviewed the petition for fees and conclude that the argument is not well taken. In a related vein, Hiatt argues that the portion of the order awarding anticipated costs of enforcing the judgment is improper, because those costs are speculative and inadequately documented. From our review of the record, it appears that the trial court did not, in fact, award such fees. Hiatt's argument requires no further discussion.

Hiatt finally argues that, even if plaintiffs are entitled to fees, the trial court erred in ordering her to pay them personally and not out of trust assets. She argues that she was sued solely in her capacity as trustee of the Zahnie

Crockett trust and as personal representative of Dollie Crockett's estate and that, outside of those capacities, she is not a party to any of the consolidated proceedings at issue. Accordingly, she concludes, there is no basis on which the trial court could order a party not before it to pay attorney fees. Plaintiffs do not contest that they have not sued Hiatt in her personal capacity. Nevertheless, they argue that the trial court has the authority to order her personally to pay attorney fees, because it would be inequitable to do otherwise. As authority for that proposition of law, plaintiffs cite *Marshall v. Frazier*, 159 Or 491, 80 P2d 42, 81 P2d 132 (1938). We agree with Hiatt.

In *Hatcher v. U.S. Nat'l Bank*, 56 Or App 643, 643 P2d 359, *rev den* 293 Or 373 (1982), we considered, and rejected, the same arguments that plaintiffs now assert. In *Hatcher*, the plaintiff requested attorney fees to be paid by the trustee personally, because it would have been inequitable to require the fees to be paid out of the trust itself. We rejected the request, commenting:

> "That may be an equitable result, but we know no authority for that kind of award."

*Id.* at 664.

*Marshall* is not to the contrary. In that case, the court simply denied a trustee's request that his own fees be paid out of the trust assets. 159 Or at 536-37. It is an entirely different matter affirmatively to order that the fees of another person be paid by someone who is, in effect, not a party to the lawsuit.

Award of attorney fees reversed and remanded; otherwise affirmed.