On plaintiff's Motion for Reconsideration or Clarification of Order Denying Attorney Fees on Appeal filed April 22, motion allowed; denial of petition for attorney fees adhered to August 14, petition for review denied November 26, 1996
(324 Or 394)

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
· *Respondents,*

*v.*

Eva HIATT,
in her capacities as Personal Representative of the
Estate of Dollie E. Crockett, Deceased,
and the Trustee of the Zahnie Crockett
Revocable Living Trust,
*Appellant.*

In the Matter of the Trust of
Zahnie J. Crockett, Deceased.

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
*Respondents,*

*v.*

Eva HIATT,
Trustee of the Trust of Zahnie J. Crockett, Deceased,
*Appellant.*

In the Matter of the Trust of
Dollie E. Crockett, Deceased.

Theodore R. McNEELY,
Robert J. Adams, Ronald W. Adams
and Kristi Landucci,
*Respondents,*

*v.*

Eva HIATT,
Personal Representative of the
Estate of Dollie E. Crockett, Deceased,
*Appellant.*

(92CV105, 92PR019, 91PR048; CA A82252)

920 P2d 1150

James N. Westwood and Miller, Nash, Wiener, Hager & Carlsen for motion.

Before Landau, Presiding Judge, and Richardson, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiffs move for reconsideration or, in the alternative, clarification of our decision to award defendant costs for her appeal and to deny plaintiffs' request for attorney fees. They request either that we change our decision not to award them fees or that we explain the basis for our decision not to do so. We allow the motion and adhere to our decision not to award plaintiffs attorney fees for the reasons that follow.

The facts of this case are quite complex and are set forth in detail in *McNeely v. Hiatt*, 138 Or App 434, 909 P2d 191 (1996). Suffice it to say that plaintiffs initiated this action, among other things, to set aside the 1984 will of their grandmother, Dollie Crockett, and to invalidate a sale of property from a trust created by the will of their grandfather, Zahnie Crockett. The combined effect of the 1984 will and the sale was that the whole of a sizeable amount of property known as "the ranch" would have gone to Dollie's three surviving daughters, including defendant, Eva Hiatt. Each of the three daughters would have received a one-third interest. The trial court set aside the 1984 will. As a result, under Dollie's earlier will, a three-quarter interest in the ranch was divided into four shares, with each of Dollie's three surviving daughters receiving one share and plaintiffs receiving the fourth share. The trial court also invalidated the sale of trust property. As a result, a one-quarter interest in the ranch was returned to the Zahnie Crockett Trust and—like the three-quarter interest—divided into four shares, with each of the surviving daughters receiving one share and plaintiffs receiving the fourth share. We affirmed the trial court's decision to set aside the will and invalidate the sale. *Id.* at 442. However, Hiatt prevailed on appeal on another issue not relevant to the pending motion. *Id.* at 443.

Hiatt petitioned for an award of costs. Plaintiffs opposed the petition, arguing that, because they had prevailed on nearly all issues of substance, they were entitled to be designated prevailing parties. At the same time, plaintiffs petitioned for an award of attorney fees on the basis of the inherent power of courts to award fees in equity cases. We

designated Hiatt the prevailing party, awarded her costs and denied plaintiffs' motion for attorney fees. We did so by order, without explanation. Plaintiffs insist that they are entitled to fees under the rule of equity that courts may award attorney fees when a trust beneficiary successfully brings suit to benefit other beneficiaries of the trust. We do not agree.

■■ As a rule, attorney fees cannot be awarded unless provided for by statute or contract. *Jones v. Kuhn*, 59 Or App 135, 140, 650 P2d 999, *rev den* 294 Or 149 (1982). Courts may, however, award attorney fees in the absence of a statute or contract when a trust beneficiary "at his own expense and not for his sole benefit successfully brings suit to benefit an estate or trust as a whole." *Rogers v. Rogers*, 71 Or App 133, 137, 691 P2d 114 (1984), *rev den* 298 Or 704 (1985). As plaintiffs acknowledge, the beneficiary's lawsuit must "cause the tide to raise all boats."

■ In this case, plaintiffs are beneficiaries of a trust, and their lawsuit resulted in the return to the trust of a substantial amount of property. But only in the most technical sense did the tide set in motion by plaintiffs' lawsuit "raise all boats." The other beneficiaries of the trust, the daughters of Dollie Crockett, benefitted only in their capacities as beneficiaries of the trust. As beneficiaries of the will that plaintiffs sought to invalidate, the daughters of Dollie Crockett suffered a significant diminution in their interests in the property. The proof is a matter of simple arithmetic. Under that will, the three daughters stood to take a one-third interest in the property, with plaintiffs taking nothing. With that will invalidated, the daughters stood to receive only a one-fourth interest in the property, with plaintiffs sharing the fourth quarter. Thus, in the real world, the only "boats raised" as a result of plaintiffs' lawsuit were plaintiffs'. In our view, it would be inequitable to award plaintiffs attorney fees under those circumstances.

Motion for reconsideration allowed; denial of petition for attorney fees adhered to.