Argued and submitted January 5; supplemental judgment awarding defendant attorney fees reversed and remanded, otherwise affirmed May 25, 2022.

Michele R. WEDEMEYER,
*Plaintiff-Appellant,*

*v.*

NIKE IHM, INC.,
a Missouri corporation,
*Defendant-Respondent.*

Washington County Circuit Court
C132504CV; A157008

513 P3d 610

Plaintiff worked as a production manager for defendant Nike for eight years until their relationship deteriorated, leading to this lawsuit. After the judgment was entered, defendant requested and was awarded attorney fees. Plaintiff challenges the trial court's order awarding defendant attorney fees despite defendant's failure to plead an entitlement to attorney fees, as required by ORCP 68 C(2)(a). In its cross-assignment of error, defendant contends that the trial court should have allowed defendant to amend its answer to allege an entitlement to attorney fees. *Held*: The trial court's decision to award defendant attorney fees despite the pleading failure amounted to plain error. The Court of Appeals exercised its discretion to correct the error because the requirements of ORCP 68 C(2)(a) serve an important purpose for the ends of justice, the error involved a significant money judgment, and the important policies that underly preservation were served in this case. The court rejected defendant's cross-assignment of error because the trial court did not err when it concluded that it lacked jurisdiction to address defendant's motion to amend its answer, which was filed after the notice of appeal was taken. ORS 19.270(1).

Supplemental judgment awarding defendant attorney fees reversed and remanded; otherwise affirmed.

D. Charles Bailey, Jr., Judge.

Michael E. Rose argued the cause and filed the briefs for appellant.

Kevin H. Kono argued the cause for respondent. Also on the briefs were Christie S. Totten and Davis Wright Tremaine LLP.

Before Mooney, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.*

_____
* Kamins, J., *vice* DeHoog, J. pro tempore.

KAMINS, J.

Supplemental judgment awarding defendant attorney fees reversed and remanded; otherwise affirmed.

**KAMINS, J.**

Plaintiff worked as a production manager for defendant Nike for eight years until their relationship deteriorated, leading to this lawsuit. Plaintiff alleges that she faced multiple forms of employment discrimination during her time at Nike. Some of those claims were rejected on summary judgment and the last by directed verdict. After the judgment was entered, defendant requested and was awarded attorney fees. On appeal, plaintiff raises eight assignments of error, and defendant raises one cross-assignment of error. We write to address plaintiff's seventh assignment of error and defendant's cross-assignment of error. We reject plaintiff's remaining assignments of error without discussion.

In plaintiff's seventh assignment of error, she challenges the trial court's order awarding defendant attorney fees despite defendant's failure to plead an entitlement to attorney fees, as required by ORCP 68 C(2)(a).[1] Defendant asserts both that plaintiff's contention is unpreserved and that plaintiff waived any argument as to the pleading requirement. In its cross-assignment of error, defendant contends that the trial court should have allowed defendant to amend its answer to allege an entitlement to attorney fees. We agree with plaintiff that the trial court erred in awarding defendant's attorney fees and disagree with defendant that it was error for the trial court to deny defendant's request to amend its answer. We reverse and remand the supplemental judgment awarding defendant attorney fees, and otherwise affirm.

It is undisputed that defendant failed to allege its right to attorney fees, which is required by ORCP 68 C(2)(a). After the general judgment was entered plaintiff filed a notice of appeal and an opposition to the attorney fee award, but she did not initially object to the attorney fee petition based on ORCP 68 C(2)(a). One week later, after the hearing

---

[1] ORCP 68 C(2)(a) provides:

"A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule."

on attorney fees, plaintiff moved for reconsideration on the basis that defendant's failure to plead a right to attorney fees violated the mandatory requirements of ORCP 68 C(2)(a). The trial court denied the motion for reconsideration. Another week later, defendant filed a supplemental statement of attorney fees, which plaintiff objected to, reiterating the argument that attorney fees were not available given the pleading failure. The court signed the order allowing attorney fees and, a few months later, ultimately signed the supplemental judgment awarding fees following a hearing on defendant's motion to amend its answer and plaintiff's motion for reconsideration.

We review a trial court's allowance or denial of attorney fees for errors of law. *Rymer v. Zwingli*, 240 Or App 687, 691, 247 P3d 1246, *rev den*, 350 Or 716 (2011). ORCP 68 C(2)(a) provides that "[a] party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading" and "[n]o attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph * * *."

Plaintiff contends that defendant's pleading failure deprived the trial court of any authority to award fees and the timing of plaintiff's objection cannot itself grant that authority. Because the objection was brought to the court's attention within a week of its oral order and more than two weeks before the written order was signed, and the parties were able to litigate the dispute at the hearing on defendant's motion to amend and plaintiff's motion for reconsideration, plaintiff contends that the court should have considered the late-filed objection. Plaintiff requests that, if we find that the argument was not preserved, we reverse the attorney fee award as plain error. ORAP 5.45(1).

Defendant responds that the lateness of plaintiff's objection renders her argument either unpreserved or waived. Defendant further contends that the trial court possessed authority to grant attorney fees under ORS 659A.885(1) because ORCP 68 procedures are not jurisdictional.

Assuming that plaintiff failed to preserve her argument, we find that the requirements for plain-error review are met in this case. The error in this case is one of law,

obvious, and apparent on the face of the record. *See State v. Decleve*, 299 Or App 528, 531, 450 P3d 999 (2019) (plain-error review requires that the error be (1) an error of law; (2) obvious and not reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences). The requirement in ORCP 68 that a party allege the right to attorney fees is mandatory and there is no dispute that defendant failed to comply with that directive. *See Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001) (recognizing ORCP 68 C(2)'s pleading requirement for attorney fees is "mandatory"). Where a "defendant made no mention of attorney fees in [its] answer, nor did [it] cite the statute *** or any facts that would support an award under that statute" then the trial court has "no authority upon which to award attorney fees to defendant." *Parrott v. Orlova*, 241 Or App 653, 655, 250 P3d 973 (2011); *see also Anderson v. Dry Cleaning To-Your-Door*, 249 Or App 104, 109 n 4, 275 P3d 181 (2012) ("ORCP 68 C(2) precludes attorney fees unless a party alleges an entitlement to attorney fees in a pleading or motion.").

The trial court appeared to acknowledge that plaintiff's objection had merit but declined to reconsider the attorney fee award because the objection was untimely. Defendant urges us to uphold the trial court's decision based on the manner in which plaintiff raised the objection. Because plaintiff did not object on this basis until after the fee hearing, defendant contends that any objection is not just unpreserved, but also waived. *See* ORCP 68 C(2)(d) ("Any objection to the form or specificity of the allegation of the facts, statute, or rule that provides a basis for the award of fees shall be waived if not alleged prior to trial or hearing.").

Defendant points to *Page v. Parsons*, 249 Or App 445, 277 P3d 609 (2012), for the proposition that an opposing party waives alleged noncompliance with ORCP 68 C by failing to timely object. *See id.* at 464 (where the underlying motion cited a statute with a mandatory attorney fee award and plaintiff failed to assert prior to the hearing that the citation to the statute was insufficient to raise a right to attorney fees, the objection under ORCP 68 C(2)(d) was waived). However, ORCP 68 C(2)(d) limits waiver to objections challenging "the form or specificity" of the allegation

of a right to attorney fees—not the failure to make such an allegation in the first place. *See Stein v. Burt & Vetterlein, P.C.*, 150 Or App 484, 488, 946 P2d 1168 (1997), *rev den*, 327 Or 123 (1998) ("Because plaintiff alleged no 'facts, statute or rule' as the basis for an award of attorney fees, the 'form or specificity' of such allegations was not at issue, and no waiver occurred." (Quoting ORCP 68 C(2)(d).)). Unlike the situation presented in *Page*, where the citation to a statute containing a mandatory attorney fee award was sufficient to implicate the waiver provision of ORCP 68 C(2)(d), the statute underlying plaintiff's initial claim for fees and costs, ORS 659A.885(1), does not contain a mandatory attorney fee provision. Therefore, plaintiff did not—and could not—waive an objection based on defendant's complete failure to plead attorney fees under ORCP 68 C(2). *See Bridgestar Capital Corp. v. Nguyen*, 290 Or App 204, 210-11, 415 P3d 1095 (2018) (noting that a prevailing party's "complete failure" to comply with the textual requirements of ORCP 68 C(2), including the failure to "assert any right at all to fees," cannot be excused by the fact that the circumstances as a whole would have alerted the opposing party of the prevailing party's intent to seek attorney fees).

Because the trial court's decision to award defendant attorney fees despite the mandatory pleading requirements in ORCP 68 C(2) amounts to plain error, we must determine whether to exercise our discretion to correct it. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). When making that determination, we consider the competing interests of the parties, the nature of the case, the gravity of the error, the ends of justice, how the error came to the court's attention, and whether the policies behind the general rule requiring preservation of error have been served in another way. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). The error in this case involves a mandatory pleading requirement, the purpose of which is to provide an opposing party with notice that they may be held liable for attorney fees before proceeding to trial. *McNeely v. Hiatt*, 138 Or App 434, 443, 909 P2d 191, *adh'd to as clarified on recons*, 142 Or App 522, 920 P2d 1150, *rev den*, 324 Or 394 (1996). The requirement of ORCP 68 C(2)(a) serves an important purpose for the ends of justice.

The error in this case led to the entry of a significant money judgment against plaintiff. *See State v. Morris*, 217 Or App 271, 274, 174 P3d 1127 (2007), *rev den*, 344 Or 671 (2008) (noting that an error in imposing a fine of $5,000 had "some gravity"). Additionally, the important policies that underly preservation—fairness, notice, and judicial efficiency—were served in this case. The trial court heard arguments on the issue from both sides at the hearing on defendant's motion to amend and plaintiff's motion for reconsideration, and it had two separate opportunities to correct its error. *See Ailes*, 312 Or at 382 n 6 (noting that the general rule requiring preservation is served if the trial court is presented with both sides of the issue and given an opportunity to correct any error). For those reasons, we choose to exercise our discretion to correct the error.[2]

Because we have determined that the trial court's decision to award attorney fees in this case was error, we must reach defendant's cross-assignment of error. Defendant contends that the trial court erred in concluding that it lacked the jurisdiction under ORS 19.270(1) to address defendant's motion to amend its answer to allege an entitlement to attorney fees. We review a "denial of a motion to amend *** for abuse of discretion, [but] when the denial results from a substantive legal conclusion, we review the correctness of that conclusion for errors of law." *Cowan v. Nordyke*, 232 Or App 384, 386, 222 P3d 1093 (2009), *rev den*, 348 Or 114 (2010) (internal quotation marks omitted); *see also Eklof v. Persson*, 369 Or 531, 545-50, 508 P3d 468 (2022) (evaluating the legal questions underlying the court's discretionary decision to grant or deny leave to amend for legal error).

The trial court did not err when it concluded that it lacked jurisdiction to address defendant's motion to amend

---

[2] Defendant urges us not to exercise our discretion because defendant's entitlement to fees in this case rested on the unreasonableness of plaintiff's claims and conduct during the litigation. *See Chase v. Vernam*, 199 Or App 129, 138-39, 110 P3d 128 (2005) (reasoning that, under Oregon case law, a court can only award attorney fees to a prevailing defendant under ORS 659A.885(1) when the plaintiff's claim is brought in bad faith or is unreasonable or unfounded). However, the fact that defendant's entitlement to attorney fees may not have been readily apparent until after litigation was initiated does not relieve defendant of its obligation under ORCP 68 C(2)(a) to allege the basis for its attorney fee claim "in a pleading" at some point before judgment has been entered.

its answer, which was filed after both the general judgment and the notice of appeal were entered. ORS 19.270 provides that in a matter that has been appealed, the trial court retains jurisdiction for some limited purposes, including, as relevant here, for "[d]eciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law." ORS 19.270(1)(a). Trial courts do not have jurisdiction to substantially alter the rights of parties after an appeal has been taken. *Litvin v. Engesether*, 67 Or App 240, 244, 678 P2d 1232 (1984). Defendant moved to substantively amend its answer to the complaint to allege a legal right to attorney fees, where previously the answer contained no such language. Although ORS 19.270(1)(a) allows a trial court to decide properly pleaded requests for attorney fees despite an ongoing appeal, that does not include the right to modify the pleadings to allege the right to those fees in the first place. Therefore, the trial court did not err when it denied defendant's request to amend its answer.

Supplemental judgment awarding defendant attorney fees reversed and remanded; otherwise affirmed.