Argued and submitted October 27, 2010, affirmed April 25, 2012

Gerald A. PAGE,
trustee of the Lena Page Living Trust,
*Plaintiff-Appellant.*

*v.*

Judson M. PARSONS
and Diana V. Gardener,
*Defendants-Respondents.*

Marion County Circuit Court
07C17918; A139103

277 P3d 609

Terrence Kay argued the cause for appellant. With him on the briefs was Terrence Kay, P.C.

Jeffrey L. Kleinman argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

**ORTEGA, P. J.**

Plaintiff filed an action against defendants seeking damages for wrongful use of a civil proceeding, abuse of process, and "intentional interference with prospective economic relations."[1] All of plaintiff's claims against defendants were based on defendants' opposition to and appeals of state and county waivers issued to plaintiff pursuant to Ballot Measure 37 (2004). In response to plaintiff's complaint, defendants filed a special motion to strike as provided in ORS 31.150 (2007).[2] The trial court granted the motion and entered a general judgment dismissing plaintiff's claims without prejudice, followed by a supplemental judgment awarding defendants their attorney fees. Plaintiff appeals those judgments and, as explained below, we affirm.

For context, we begin by describing special motions to strike under ORS 31.150 to 31.155. Pursuant to ORS 31.150(2), a defendant may make a special motion to strike

"against any claim in a civil action that arises out of:

"(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

"(b)   Any oral statement made, or written statement or document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

"(c)   Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

"(d)   Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

---

[1] Gerald A. Page brought this action in his capacity as trustee of the Lena Page Living Trust in relation to land held by the trust.

[2] The legislature made minor amendments to ORS 31.150 and ORS 31.152 in 2009. Or Laws 2009, ch 449, §§ 1, 3. All references herein are to the 2007 versions of those statutes.

A special motion to strike must be filed "within 60 days after the service of the complaint or, in the court's discretion, at a later time," ORS 31.152(1), and is treated "as a motion to dismiss under ORCP 21 A but will not be subject to ORCP 21 F." ORS 31.150(1). Once the motion is filed, all discovery in the proceeding is stayed until the court has entered an order ruling on the motion. ORS 31.152(2). However, the "court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay." *Id.* The court must hold a hearing on the special motion to strike "not more than 30 days after the filing of the motion unless the docket conditions of the court require a later hearing." ORS 31.152(1).

A defendant who makes a special motion to strike "has the initial burden of making a *prima facie* showing that the claim against which the motion is made" is of the type described above. ORS 31.150(3). If the defendant meets that burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." *Id.* If the plaintiff meets that burden, the court must deny the special motion to strike. *Id.* However, if the plaintiff does not establish a probability of prevailing on the claim as described above, "the court shall grant the motion." ORS 31.150(1). In resolving a special motion to strike, "the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(4). Furthermore, in the event that it grants the special motion to strike, "the court shall enter a judgment of dismissal without prejudice." ORS 31.150(1). "A defendant who prevails on a special motion to strike * * * shall be awarded reasonable attorney fees and costs." ORS 31.152(3).

In light of that background, we now turn to the pertinent facts of this case, which are largely procedural. In August 2007, plaintiff filed this action against defendants in circuit court. In his amended complaint, plaintiff alleged that he had filed Measure 37 claims with the state and county relating to a parcel of land of approximately 50 acres. In those Measure 37 claims, plaintiff sought compensation or, in the alternative, a waiver of land use regulations that would allow

the property to be divided into 1.5-acre parcels for single-family dwellings. Plaintiff obtained orders at both the state and local levels granting the waivers. Defendants filed judicial proceedings seeking review of the waivers and, based on those proceedings, plaintiff sought in his amended complaint more than $3 million for defendants' alleged wrongful use of a civil proceeding, abuse of process, and intentional interference with prospective economic relations. Plaintiff alleged that a general judgment dismissing the proceedings relating to the county waiver had been entered by the circuit court and that defendants had filed a notice of appeal with respect to that judgment. With respect to the review of the state waiver, plaintiff alleged that a general judgment of dismissal had been entered in the circuit court and that defendants had not appealed that dismissal. According to plaintiff, defendants lacked probable cause to prosecute their judicial proceedings and defendants' "ultimate motive was to prevent the subdivision * * * for the benefit of their own personal purposes regarding land conservation, constituting legal malice." In addition, plaintiff alleged that defendants had interfered with the prospective economic advantage relating to the real property and that that interference was accomplished through improper means or for an improper purpose.

In September 2007, defendants filed their special motion to strike under ORS 31.150. In that motion, they asserted that each of plaintiff's claims was directed at protected activities under ORS 31.150(2) and that the goal of plaintiff's action was "to force defendants to withdraw their pending appeal * * * in the face of a $3 million lawsuit." In support of the special motion to strike, defendants attached copies of their petition for judicial review of the state waiver, along with their brief and excerpt of record from the pending appeal relating to the county waiver. Plaintiff filed a memorandum in opposition to the special motion to strike, along with a number of exhibits. In the memorandum, plaintiff asserted that ORS 31.150 to 31.155 did not apply to the claims in this case. Furthermore, plaintiff contended that the motion should be denied because, "following a reasonable opportunity and right of [p]laintiff to obtain discovery, [p]laintiff will establish a *prima facie* case on each of its claims." (Underscoring in original.) Plaintiff asserted that he

needed discovery in order to present his case under the statute. However, he set forth "some of the facts that constitute evidence of a *prima facie* showing that" he would prevail on his claims. (Underscoring in original.) Plaintiff also filed a separate motion asking the court to permit discovery, asserting that "[p]laintiff must have discovery to obtain documents and depositions of [d]efendants and others to add further facts[.]" Defendants filed a reply memorandum along with a supporting affidavit and exhibits. In the reply, in addition to emphasizing their view that the action fell within the purview of ORS 31.150(2), defendants observed that plaintiff's opposition failed to demonstrate any likelihood of success as required by the statute. *See* ORS 31.150(1) ("[T]he court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim."). Defendants also opposed plaintiff's motion for discovery, which they asserted was not well taken.

At the December 2007 hearing on the special motion to strike, after hearing some argument, the court indicated that, in its view, defendants had "at least made out that they are covered by [ORS] 31.150." Plaintiff then focused on his request to conduct discovery:

"[W]e would ask that we be allowed discovery to then put on our *prima facie* case.

"THE COURT: The statute says 'specified discovery,' if I am going to allow that. And I guess I would not want necessarily an open book, but I would like you to kind of point to something specific that you could seek by way of discovery that would assist you in your response.

"[PLAINTIFF'S ATTORNEY]: We have, I believe, submitted a request for production already, which—

"THE COURT: Well, that's everything. You know, 'specified' says 'specified' in here. I mean, * * * what would you be able to identify, as opposed to just laying it all open?

"[PLAINTIFF'S ATTORNEY]: I might want to think about that further, Your Honor, because if we are being put to our test in showing a *prima facie* case that must withstand a directed verdict motion, we would want to not be

unreasonably limited in the discovery we'd get. For example—

"* * * * *

"THE COURT: Specified discovery. So I'm trying to find out specifically what it would be that you think would assist you. It may lead to something else, for which I might have to broaden it. But I would not go out with some wide-open discovery order.

"[PLAINTIFF'S ATTORNEY]: We would want the depositions of the defendants, following production of all their nonprivileged records, unless they end up using a[n] advice of counsel defense, which would open the privilege regarding all these land use matters and their communications with any third parties about it. So we also get into the outside conduct we believe that occurred.

"Then we would want to have the right to depose those individuals who had participated in the process or processes that we believe had done so in concert directly or indirectly as a result of the defendants, to discover as well their statements and the veracity of their statements."

Defendants responded that "plaintiff wants full-bore discovery; depositions, full production of documents. And then following the first round of depositions, more depositions. That's the kind of discovery that the statute is designed to prevent. It is designed to cut the costs of litigation at this stage * * *." In addition, defendants asserted that plaintiff had failed to show a probability of success:

"To show a probability of success, you have to at least have fully pled the elements of the claim. And in this case, as I've pointed out, the two closely related claims, the abuse of process and the wrongful civil proceeding, those are not commenceable until the underlying litigation is fully resolved. And then an action, a separate action, can be commenced. That's under the case law and under the statute.

"And as the court pointed out, a dismissal here is without prejudice. If these folks are successful in that appeal and the trial court's upheld, which, as I said, we hope will not be the case and think will not be the case, then they have no action because we won. If they prevail and they think they still have a cause of action, they can commence it.

"On the third claim, the intentional interference, the elements are not pled. There is nothing to show a relationship between plaintiff and a third party that we interfered with or that we exercised any improper motive or means.

"So just on the face of the pleadings, plaintiff is unable to show a probability of prevailing on the merits."

In an order following the hearing, the court concluded that defendants "had met [their] initial burden of establishing a *prima facie* case showing that the claims against which the motion is made arises out of a statement, document, or conduct described in subsection 2 of ORS 31.150." In its letter opinion, the court observed that, although the statute stays discovery in order to "prevent litigation before it becomes too costly and time consuming," "further discovery may be needed in order for [p]laintiff to meet its burden[.]" Accordingly, it ordered that plaintiff "must show good cause, and request with particularity, discovery that may assist [p]laintiff in meeting its burden that it will prevail on the claims."

Thereafter, plaintiff filed a motion to allow specified discovery. He sought production of documents, depositions of defendants, and depositions of "any individuals identified upon review of the foregoing documents and depositions which are likely to have relevant testimony or documents on one or more of the elements of [p]laintiff's claims." The documents sought were set forth in a request for production attached to the motion. The request was essentially the same as that which had been discussed at the December 2007 hearing, however. The only modifications to the request were that plaintiff had lined out one section and added the following clause to several other sections: "This excludes any documents served on the Plaintiff or his land use attorney."[3] In

---

[3] The extensive document discovery plaintiff sought for *"prima facie* case discovery"* (boldface and capitalization omitted) was as follows:

"1. All documents containing any communications relating or pertaining to the property owned by the plaintiff, located and commonly known as 10520 Sunnyview Rd NE, Salem, Oregon 97317 (hereinafter 'Plaintiff's Property'), including and without limitation, documents relating to Marion County (hereinafter 'County') and the State of Oregon (hereinafter 'State'), or any of their agencies, divisions or related public bodies, or relating or pertaining to the land use or property compensation applications submitted to the County or State, which were in existence at any time since January 1, 2002, to date. This excludes any documents served on the Plaintiff or his land use attorney.

support of his motion, plaintiff stated that the discovery sought "would allow [p]laintiff to then obtain that evidence and determine if a sufficient *prima facie* case is ready to present to the Court. If not, [p]laintiff can explain the discovery still needed, for the [c]ourt to determine if additional discovery should be allowed."

---

"2. All documents or records relating or pertaining to Plaintiff's Property or to the land use or property compensation applications submitted to the County or State. This excludes any documents served on the Plaintiff or his land use attorney.

"3. All names of persons, business entities, or organizations either of the Defendants have communicated with or received communications from, whether oral or written, regarding or pertaining to Plaintiff's Property or to the land use or property compensation applications submitted to the County or State by the Plaintiff. This excludes any documents served on the Plaintiff or his land use attorney.

"4. All long distance and cell phone records for calls to, from or including either of Defendants, with any County or State employee, or any of the persons, business entities or organizations, identified in Request No. 3 above, during the period of January 1, 2002, to date.

"5. All documents or records containing any financial information relating or pertaining to Plaintiff's Property or Defendants' real property regarding any financial transactions, business dealings or negotiations by or for either Defendant and (a) the County or the State or any of their agencies, divisions or related public bodies, or (b) any of Defendants' relatives, associates, friends, neighbors, financial supporters or contributors to any organizations Defendants may be affiliated with, during the period of January 1, 2002, to date.

"7[*sic*]. All documents or records containing any information relating or pertaining to any appointments or meetings, who attended and what the subject matter was regarding any business or discussions relating or pertaining to the Plaintiff's Property, or any subject relating to the County or the State as to Plaintiff's Property, during the period of January 1, 2002, to date. This excludes any documents served on the Plaintiff or his land use attorney.

"8. All documents or records containing any information pertaining to the use or proposed use of Plaintiff's Property, or any property within a 10-mile radius of Plaintiff's Property, including but not limited to land use, engineering, water rights, traffic, proposals, dust, smoke or noise, during the period of January 1, 2002, to date. This excludes any documents served on the Plaintiff or his land use attorney.

"9. All documents and records Defendants referenced, relied upon, or submitted to the County and State or agency or court in opposing or challenging any of Plaintiff's land use applications or the judicial review of those decisions. This excludes any documents served on the Plaintiff or his land use attorney.

"10. Documents identifying the names, addresses, and telephone numbers of each and every person either Defendant has spoken with or communicated in any way regarding Plaintiff's Property or any land use or legal proceeding involving Plaintiff's Property. This excludes any documents served on the Plaintiff or his land use attorney."

(Underscoring and strikethrough in original.)

Defendant responded that the discovery motion should be denied because plaintiff had failed to show good cause and to request discovery with particularity, as ordered by the court. In reply, plaintiff stated that defendants had "exclusive control of essential facts for [p]laintiff to fully present a *prima facie* case." He set forth the elements of each of his claims and, for each element, indicated whether he had evidence or whether evidence was needed. Plaintiff indicated that he needed evidence for two of the elements of his claim for wrongful use of civil process: defendants' "absence of probable cause to prosecute the action" and "[t]he existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim." With respect to his claim for abuse of process, plaintiff needed evidence of both elements: an "ulterior purpose, unrelated to the process" and a "willful act in the use of the process that is not proper in the regular conduct of the proceeding." Finally, on his claim for intentional interference with prospective economic relations, plaintiff stated that he needed evidence on at least two elements: "[i]ntentional interference with [a] relationship or advantage" and that the interference was "[a]ccomplished through improper means or for an improper purpose."

At a further hearing held in March 2008, plaintiff referenced the reply, explaining that, although there were a number of elements of his claims for which he could "meet *prima facie* with what [he] ha[d]," there were "six essential elements" for which discovery was needed because the information to establish plaintiff's case was "totally within the control of defendants." In addition to arguing in favor of his request for discovery, plaintiff also asserted that the case was "not yet at the point where plaintiff presents their *prima facie* case throughout the * * * declarations and documents. Even if our motion for discovery were denied, we're not at the point where we'd put on what we have." Defendants responded that the case was, indeed, "at the point where the motion [to strike] can be decided in its entirety." According to defendants, "if plaintiff had evidence to show a probability of prevailing, and had that *prima facie* case, that was to be set out in the materials in response to the original motion to strike." Instead, plaintiff responded to the motion by arguing

that he needed discovery. Defendants asserted that "[y]ou don't file a lawsuit and find out later or try to find out later if you have a claim. And that's what happened here." Furthermore, in defendants' view, the requested discovery was an "attempted fishing expedition to continue to try to intimidate" defendants.

After hearing both parties' arguments, the court concluded that plaintiff had "failed to state with particularity the discovery necessary" as required in the earlier order, observing that the "specified request for discovery was nothing more than a general letter that was sent out with a couple of things struck out of it" and was merely a "fishing expedition" and a "general request for discovery." Accordingly, the court granted the special motion to strike, clarifying that it would dismiss the action without prejudice and that plaintiff was free to supplement the record "all [he] want[ed]." Plaintiff protested that he had "not been allowed to put [his] *prima facie* case on" and that he "would like the opportunity to present" what he had. The court responded that it had already held a hearing on the motion to strike, that plaintiff had not been prepared to go forward, and that it was not going to hold another hearing. After the hearing, the court entered an order in which it held that "plaintiff has failed to show good cause, and request with particularity, specified discovery." Accordingly, the court denied the motion for specified discovery and granted defendants' special motion to strike. Based on that order, the court entered a general judgment dismissing plaintiff's claims without prejudice.

After entry of the general judgment, defendants sought attorney fees and costs pursuant to ORS 31.152(3). Plaintiff objected, asserting that (1) reasonable attorney fees should be awarded under the statute only for work on the motion and (2) the amount of fees sought was unreasonable. At the hearing on the request for attorney fees, plaintiff contended that defendants had no right to recover attorney fees at all because they had "failed to plead and move for attorney fees as required under Rule 68." Defendants asserted that plaintiff's new argument was improper because it was not set forth in a written objection. They also pointed out that their motion to strike was filed "under ORS 31.150 *et seq.*, and

inherent in that is the right to attorney fees of the prevailing party." The court found as follows:

"[D]efendants' special motion to strike was filed 'pursuant to ORS 31.150, *et seq.*' '*Et sequentia*' includes the statutes which follow within the same topic, in this case ORS 31.152 and 31.155. The court finds defendants have adequately alleged their entitlement to attorney fees under ORS 31.150 and 31.152, and plaintiff was put on notice thereof."

Accordingly, the court concluded that defendants had adequately alleged their entitlement to attorney fees, and granted fees and costs, though in a lesser amount than defendants had requested. The court later entered a supplemental judgment on the attorney fee award. Plaintiff appeals both the general and supplemental judgments, raising a number of assignments of error.

According to plaintiff, the trial court abused its discretion in denying plaintiff's motion for discovery, because necessary evidence regarding certain elements of plaintiff's claims was "solely within the control of [d]efendants" and, in his view, it is "patently unfair and prejudicial" for him to be denied discovery. "On appellate review, the 'abuse of discretion standard tests only whether the trial court made a decision within the permissible range of choices[.]' " *State v. G. N.*, 230 Or App 249, 254, 215 P3d 902 (2009) (quoting *State v. Hewitt*, 162 Or App 47, 52, 985 P2d 884 (1999), *rev dismissed*, 330 Or 567 (2000)) (brackets in *G. N.*).

As discussed above, pursuant to ORS 31.152(2),

"All discovery in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150. The stay of discovery shall remain in effect until entry of the order ruling on the motion. The court, on motion and for good cause shown, may order that specified discovery be conducted nothwithstanding the stay imposed by this subsection."

Thus, although discovery is automatically stayed by the filing of a special motion to strike, the court has discretion to permit specified discovery if a showing of good cause is made. As part of their consideration of the statute, legislators explained that the reason for this procedure was to prevent expensive, protracted litigation in the types of cases covered

by the statute and that, to obtain discovery, a plaintiff would have the burden to show a need for discovery and courts would have discretion to decide whether to allow it. *See Staten v. Steel*, 222 Or App 17, 29, 191 P3d 778 (2008) (the statute's "purpose is to provide for the dismissal of claims against persons participating in public issues, when those claims would be privileged under case law, before the defendant is subject to substantial expenses in defending against them"); Tape Recording, House Committee on Judiciary, Subcommittee on Civil Law, HB 2460, Mar 19, 2001, Tape 41, Side A (statements of Rep Kurt Schrader and Rep Lane Shetterly).

Here, as discussed above, plaintiff initially sought to obtain discovery that the court described as "everything." The trial court, at the December hearing, made clear to plaintiff that it would allow only more limited discovery, as contemplated by the statute. It clarified that it would not allow "wide-open discovery," but permitted plaintiff to file a motion showing good cause and stating with particularity the specified discovery requested. In response, however, plaintiff filed a motion in which he sought nearly the same discovery as had been earlier requested. As noted by the court, rather than providing a particularized request as ordered, plaintiff submitted another "general discovery" request seeking an extremely broad production of documents and depositions. The court's decision to deny the motion for specified discovery was within the range of permissible choices and did not constitute an abuse of discretion.

Plaintiff appears to contend, nonetheless, that the court erred because it "allowed no documents to be produced which [p]laintiff sought and allowed no depositions of [d]efendants even on factual information solely within the power and control of the [d]efendants. Plaintiff was not allowed even an hour or two of depositions with either [d]efendant * * *." To the extent that plaintiff asserts that the trial court abused its discretion because it failed to itself limit the discovery request and consider the request as so limited, we are not persuaded. Plaintiff was given an opportunity to specify the discovery that he required and to explain the reasons that discovery was necessary. He chose, however, to submit another broad discovery request, even in the face of the

court's statement that it would not allow "wide-open" discovery. That the court considered and decided the request as submitted was not error.[4] Accordingly, we reject plaintiff's contention that the trial court abused its discretion when it denied his motion for discovery.

Plaintiff also contends that the trial court "erred as a matter of law in denying [p]laintiff the right to present evidence and have a hearing with oral argument on that evidence to contest the second step under ORS 31.150 on" defendant's special motion to strike. It is plaintiff's position that he requested oral argument in his opposition to the special motion to strike pursuant to UTCR 5.050 and that he was "denied the right to submit evidence and have oral argument on that evidence to defeat the second step under the statute."[5] Defendants respond that plaintiff had "ample opportunity to present evidence to the trial court and did so." In addition, they point out that the trial court held hearings relating to the special motion to strike—one in December 2007, after which the court permitted plaintiff to file a motion for specified discovery, and a second in March 2008.[6] Plaintiff

---

[4] In support of his contention that the trial court erred in denying discovery, plaintiff also asserts that he should have been allowed discovery

"so Plaintiff's right to trial of factual issues by jury is not violated through the deprivation of evidence. ORCP 51 states, 'The trial of all issues of fact shall be by jury . . .' and the Constitution of Oregon Article * * * I, Section 17 provides, 'In all civil cases the right of trial by jury shall remain inviolate.' "

However, in his briefs plaintiff does not sufficiently develop any argument explaining how the denial of discovery would violate his right to jury trial. In the absence of a developed argument, we do not comprehend how the denial of discovery could have violated plaintiff's right to a jury trial under the circumstances presented in this case, and we decline to address that unsupported assertion.

[5] We note defendants' assertion that plaintiff failed to preserve his first assignment of error before the trial court. However, after the trial court granted the special motion to strike, plaintiff protested and asserted that he wanted to submit evidence to the court and argued that he should be given another hearing. In our view, plaintiff's assertions before the trial court were sufficient to preserve his contention that he was entitled to an additional hearing relating to the special motion to strike.

[6] Defendants also reference a November 2007 hearing that ended after the judge "recognized plaintiff in the courtroom as a friend and recused himself from the case." Given that the hearing was ended before the parties could fully present their arguments and that the judge recused himself from the case, we do not consider that hearing in addressing plaintiff's contentions that the trial court was required to give him additional opportunities to present evidence and oral argument.

responds that he was not obligated to include the evidence to support his claims in his initial opposition to the special motion to strike. Rather, in his view, the statute provides for a "multi-phase proceeding" and, after the court ruled on the motion for specified discovery, it was required to provide plaintiff with an additional opportunity to present evidence and oral argument with regard to the second step of the analysis provided in ORS 31.150(3)—that is, whether plaintiff had established "that there is a probability that [he] will prevail on the claim by presenting substantial evidence to support a *prima facie* case."

UTCR 5.050(1), which plaintiff cites as the basis for his argument, provides that "[t]here must be oral argument if requested by a moving party in the caption of the motion or by a responding party in the caption of a response." Although, as plaintiff points out, UTCR 5.050 is mandatory, *see Coleman and Coleman*, 117 Or App 333, 335, 844 P2d 234 (1992), it does not support plaintiff's contention that the trial court was necessarily required to hold multiple hearings and provide multiple opportunities for oral argument on the special motion to strike. It provides only that there must be oral argument if requested, not that the trial court must separate the oral argument on a motion into multiple hearings.

Nonetheless, in plaintiff's view, ORS 31.150(3) itself requires the process he proposes. Plaintiff points to the fact that the statute provides for a "two-part test" in the determination of a motion to strike. For that reason, it is plaintiff's position that the trial court was required to allow an additional opportunity for plaintiff to present evidence and oral argument after it decided that defendants had met their burden under the statute and denied plaintiff's request for discovery. Plaintiff's assertions are not supported by the statute's text, context, or legislative history. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

As discussed, under ORS 31.150(1),

"[a] defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the

> plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim."

ORS 31.150(3), in turn, provides:

> "A defendant making a special motion to strike under the provisions of this section has the initial burden of making a *prima facie* showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case. If the plaintiff meets this burden, the court shall deny the motion."

Although the statute's text sets forth two steps in the resolution of a special motion to strike, it does not require that the court hold more than one hearing on the motion. Indeed, the statute's context supports a contrary view. Under ORS 31.152(1),

> "[a] special motion to strike under ORS 31.150 must be filed within 60 days after the service of the complaint or, in the court's discretion, at any later time. *A hearing shall be held on the motion not more than 30 days after the filing of the motion* unless the docket conditions of the court require a later hearing."

(Emphasis added.) That statutory context undermines plaintiff's position for two reasons. First, it demonstrates the legislature's intent that special motions to strike be filed early in a case and heard by the court in short order. That is at odds with plaintiff's contention that he was not required to present the court with his full opposition to the motion in his initial filings in response to the motion or at the initial hearing on the motion. The process that plaintiff seems to envision would be somewhat drawn out compared to the speedy procedure provided for in ORS 31.152(1). Second, ORS 31.152(1) provides that the court must hold "[a] hearing" on the motion within the time specified. That statutory reference to a single hearing undermines plaintiff's assertion that the statute required the court to allow multiple hearings before deciding the special motion to strike.

Furthermore, plaintiff's contentions are not supported by the statute's legislative history. As noted above, the statute was intended to provide an inexpensive and quick process by which claims that might infringe on the right to petition and free speech on public issues could be evaluated to determine if they were frivolous. ORS 31.150 to 31.155 were modeled on California statutes, and legislative discussion indicates that the California record was clear that the special motion to strike process worked well and was well-balanced. Tape Recording, House Committee on Judiciary, HR 2460, Apr 16, 2001, Tape 37, Side A (statement of Rep Lane Shetterly); Tape Recording, House Committee on Judiciary, Subcommittee on Civil Law, HB 2460, Mar 19, 2001, Tape 41, Side A (statements Dave Heynderickx, Legislative Counsel and Rep Lane Shetterly); It was intended that California case law would inform Oregon courts regarding the application of ORS 31.150 to 31.155. Tape Recording, House Committee on Judiciary, Subcommittee on Civil Law, HB 2460, Mar 19, 2001, Tape 41, Side A (statement of Rep Lane Shetterly); *see also* Tape Recording, Senate Judiciary Committee, HB 2460, May 15, 2001, Tape 142, Side A (statement of Dave Heynderickx, Senior Deputy Legislative Counsel). California has a process like that set forth in ORS 31.150(3):

> "[The California statute] requires the trial court to undertake a two-step process in determining whether to grant a [special motion to strike]. First, the court decides whether the defendant has made a threshold *prima facie* showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue.
>
> "If the court finds that defendant has made the requisite showing, the burden then shifts to the plaintiff to establish a 'probability' of prevailing on the claim by making a *prima facie* showing of fact that would, if proved, support a judgment in the plaintiff's favor. The court also considers the defendant's opposing evidence, but only to determine if it defeats the plaintiff's showing as a matter of law."

*Kashian v. Harriman*, 98 Cal App 4th 892, 906, 12 Cal Rptr 2d 576 (2002) (internal quotation marks and citations omitted). It is the court that must engage in the two-step process,

first deciding whether the defendant has made the threshold showing and then determining whether the plaintiff has demonstrated a probability of prevailing on the claim. *See Jarrow Formulas v. LaMarche*, 31 Cal 4th 728, 733, 74 P3d 737 (2003) (Resolution of a special motion to strike requires the court to engage in a two-step process, first determining whether the defendant has made a threshold showing that the cause of action arises from a protected activity and then determining whether the plaintiff has demonstrated a probability of prevailing.). The legislature's intent that the process pursuant to ORS 31.150 to 31.155 would save costs for litigants, be expeditious, and be informed by the California model therefore cuts against plaintiff's assertion that the statutory scheme requires a multi-step filing and hearing process.

In light of the text, context, and legislative history of ORS 31.150, we are not persuaded by plaintiff's contention that the trial court was required to provide him with an additional opportunity to present evidence and oral argument on the motion. He had an opportunity to present evidence in opposition to the motion and also to present oral argument at the two hearings held by the court. Nothing more was required under the statute.[7] Accordingly, we conclude that the trial court did not err when it declined to hold an additional hearing and allow plaintiff to submit additional evidence relating to the special motion to strike.

In light of our resolution of those issues, we decline to address plaintiff's second assignment of error. In that assignment of error, plaintiff asserts that the trial court articulated an improper burden of proof that a plaintiff must meet to defeat a special motion to strike. However, plaintiff does not assert that he met the burden imposed pursuant to ORS 31.150(3). Rather, according to plaintiff, he *"could have shown but was deprived of the right to present* and establish a *prima facie* case on each claim for wrongful initial of judicial proceedings, abuse of process, and intentional interference

---

[7] We also note that under ORS 31.150, a judgment of dismissal upon granting a special motion to strike is without prejudice. Accordingly, to the extent that plaintiff had evidence to defeat a special motion to strike that he failed to present to the trial court, the judgment did not preclude him from refiling his action and providing that evidence to the court.

with prospective economic relations." (Emphasis added.) Because plaintiff did not submit evidence to support the elements of his claim, and because we have concluded that the trial court did not err in declining to hold additional hearings and receive additional evidence, we need not determine the standard that the trial court should have used to evaluate the evidence, had it been submitted. For the same reason, we decline to address plaintiff's fourth assignment of error.

Finally, we turn to plaintiff's fifth assignment of error, in which he contends that the trial court erred in awarding defendants their attorney fees. According to plaintiff, defendants failed to "plead or move to assert and give notice to [p]laintiff of a claim for attorney fees" and, as a result, defendants "waived a right to seek an award of attorney fees and the court did not have authority to award fees[.]" Defendants respond that plaintiff waived that objection to the attorney fee award because he failed to raise it before the hearing. In addition, defendants contend that the trial court correctly found that defendants had adequately alleged their entitlement to attorney fees. We agree with defendants in both respects.

"We review the trial court's allowance or denial of attorney fees for legal error." *Rymer v. Zwingli*, 240 Or App 687, 691, 247 P3d 1246, *rev den*, 350 Or 716 (2011). Pursuant to ORS 31.152(3), a "defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." Thus, the statute makes an attorney fee award mandatory in a case such as this, where a defendant prevails on a special motion to strike. However, plaintiff points out that, under ORCP 68 C(2)(a),

"[a] party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."[8]

_____

[8] Under ORCP 68 C(2)(b), "[i]f a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading."

"[T]he party seeking fees does not need to allege the statutory basis for an award when the facts alleged in the party's pleadings would provide the basis for such an award, the parties in the case have fairly been alerted that attorney fees would be sought, and no prejudice would result." *Rymer*, 240 Or App at 691 (internal quotation marks omitted). Furthermore, as defendants point out, pursuant to ORCP 68 C(2)(d), "objections to the form or specificity of allegation of the facts, statute or rule that provides a basis for the award of fees shall be waived if not alleged prior to trial or hearing."

We agree with the trial court that defendants sufficiently alleged an entitlement to fees in their motion. As the trial court found, defendants filed their special motion to strike referencing ORS 31.150 and the entire related section of statutes, which includes ORS 31.152(3). Given that ORS 31.152(3) makes an attorney fee award mandatory when a defendant prevails on a special motion to strike, defendants' reference to the entire statutory section was sufficient to allege an entitlement to attorney fees.[9] Furthermore, given that plaintiff failed to assert prior to the hearing that defendants' citation to that statutory section was insufficient to raise their right to attorney fees, pursuant to ORCP 68 C(2)(d), that objection was waived. Accordingly, we reject plaintiff's fifth assignment of error.

Affirmed.

---

[9] Even if the statutory reference was not sufficient to allege an entitlement to attorney fees, we would conclude that the facts asserted in the special motion to strike provided a basis for the award; that, given the nature of the motion, plaintiff was fairly alerted that attorney fees would be sought; and that no prejudice would result.