Argued and submitted September 1, 2020, affirmed July 8, petitions for review denied November 24, 2021 (368 Or 788)

Larry E. TOKARSKI
and Terry J. Kelly,
*Plaintiffs-Respondents,*

*v.*

Donald WILDFANG;
Ben C. Fetherston, Jr.; James West;
Joshua Morrow; Audrey Konold; Richard Fry;
and Creekside Homeowners Association, Inc.,
*Defendants-Appellants,*

Marion County Circuit Court
18CV04754; A169165

496 P3d 22

Believing the Creekside Homeowners Association (HOA) to be misspending reserve account funds on litigation in violation of its HOA Covenants, Codes, and Restrictions (CC&Rs), plaintiffs Tokarski and Kelly sued the HOA and the members of its board of directors to stop the alleged misuse of account funds. Defendants moved to strike under ORS 31.150, contending that the complaint targeted protected petitioning activity and that plaintiffs would not be able to make a *prima facie* case in support of their claims. The trial court denied the motions, concluding both that (1) the complaint did not arise out of the protected activities identified in ORS 31.150 and (2) plaintiffs made a *prima facie* case in support of their claims that the CC&Rs did not allow for reserve fund monies to be used to fund litigation. The court entered a limited judgment denying the motions. Defendants appeal, renewing their arguments below. *Held*: The trial court did not err in entering a limited judgment denying defendants' motions. Although plaintiffs' claims arose from protected activity for purposes of ORS 31.150(2)(d), plaintiffs nevertheless made a *prima facie* case that defendants misspent HOA monies on litigation in violation of the plain terms of the CC&Rs.

Affirmed.

Lindsay R. Partridge, Judge.

Klarice A. Benn argued the cause for appellants Donald Wildfang, Ben C. Fetherston, Jr., James West, Joshua Morrow, Audrey Konold, and Richard Fry. Also on the briefs was Abbott Law Group, P.C.

Jonathan Henderson argued the cause for appellant Creekside Homeowners Association, Inc. Also on the briefs were Patrick C. Wylie and Davis Rothwell Earle & Xóchihua, P.C.

C. Robert Steringer argued the cause for respondents. Also on the brief were James E. Mountain, Jr., Erica R. Tatoian, and Harrang Long Gary Rudnick P.C.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Plaintiffs Tokarski and Kelly own lots in the Golf Course Estates at Creekside in Salem and are members of defendant Creekside Homeowners Association, Inc. (HOA). In 2016, the HOA initiated a civil suit against entities owned by plaintiffs to prevent those entities from closing the golf course that gave the Golf Course Estates their name. Believing the HOA to be misspending reserve account funds on that litigation in violation of the HOA Covenants, Codes, and Restrictions (CC&Rs), plaintiffs, in turn, sued the HOA and individual members of its board of directors, defendants Donald Wildfang, Ben C. Fetherston, Jr., James West, Joshua Morrow, Audrey Konold, and Richard Fry, seeking to stop the alleged misuse of reserve account funds and other remedies. Defendants all moved to strike under ORS 31.150,[1] contending that the complaint targeted protected petitioning activity and that plaintiffs would not be able to make a *prima facie* case in support of their claims. The trial court denied the motions, concluding both that (1) the complaint did not arise out of the protected activities identified in ORS 31.150 and (2) plaintiffs made a *prima facie* case in support of their claims that the CC&Rs did not allow for reserve fund monies to be used to fund litigation. Thereafter, it entered a limited judgment denying the motions, as contemplated by ORS 31.150(1). Defendants appealed. We affirm.

Our review of a ruling on a special motion to strike under ORS 31.150(1) is for legal error. *Plotkin v. SAIF*, 280 Or App 812, 815, 385 P3d 1167 (2016), *rev den*, 360 Or 851 (2017). "In conducting that review, we take the facts from the pleadings and from the supporting and opposing declarations and affidavits submitted to the trial court, ORS 31.150(4), and we view the facts underlying [plaintiffs'] claim[s] in the light most favorable to plaintiff[s]." *Id*.

ORS 31.150 provides a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection. *See id*. As we have explained, the

---

[1] ORS 31.150 is known as Oregon's "anti-SLAPP" (strategic lawsuits against public participation) statute.

purpose of ORS 31.150 is "to provide for the dismissal of claims against persons participating in public issues *** before the defendant is subject to substantial expenses in defending against them." *Staten v. Steel*, 222 Or App 17, 29, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009). To that end, ORS 31.150(2) identifies four categories of claims subject to its special procedure:

> "A special motion to strike may be made under this section against any claim in a civil action that arises out of:
>
> "(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> "(b)   Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> "(c)   Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> "(d)   Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

When a defendant makes a special motion to strike, and the court determines that a claim falls within one of the four categories, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(3). If the plaintiff presents evidence to support a *prima facie* case, then the court must deny the motion.

In this case, plaintiffs allege six claims total, each of which challenges defendants' conduct in pursuing the litigation to prevent the closure of the golf course. Most claims are predicated on the theory that, absent a vote of the HOA membership that did not occur here, Article XI, Section 3, of the CC&Rs only permits the use of reserve funds for the repair and replacement of common property improvements,

and does not permit the use of reserve funds to be used for litigation. That section states, in full:

> "Section 3: Reserve Accounts for Major Repair and Replacement of Improvements. The association shall maintain a reserve account or accounts for repair or replacement of those structures or improvements, including streets, on the common property which will naturally require replacement in more than three and less than thirty years, taking into account the estimated remaining life of such items and the replacement costs thereof. The reserve account or accounts will be funded out of the annual assessments each year. The initial budget of the association shall provide for not less than five percent of the amounts of each annual assessment to be paid into the reserve account. That initial amount may be increased annually as provided in Section 4 below. That initial amount shall not be decreased *nor shall the funds be used for any purpose other than defraying all or part of the costs of major repair or replacement as provided herein, except by a vote of 2/3 of each class of members voting in person or by proxy, at an annual meeting or special meeting duly called for this purpose.* The board shall invest the reserve funds in an insured interest bearing account until needed."

(Emphasis added.)

In their first claim, plaintiffs seek a declaration against the individual defendants that the use of reserve funds violates the CC&Rs, as well as related declarations regarding the individual defendants' alleged breaches of fiduciary duty and contract for misuse of reserve funds and their personal liability for the alleged breaches. In their second claim, plaintiffs request an accounting from individual defendants of the use of reserve funds to fund litigation. In their third claim, plaintiffs request an injunction against the individual defendants and the HOA to preclude the use of reserve funds to fund ongoing litigation, including an appeal. In their fourth claim, which does not appear to be attached to the use of reserve funds, plaintiffs allege that the individual defendants, as owners of golf-course adjacent lots, are acting in their own self-interest in pursuing litigation to prevent golf course closure and, in so doing, are breaching their fiduciary duties to the owners of lots that are not adjacent to the golf course. In their fifth claim,

against the individual defendants and the HOA, plaintiffs allege that defendants have breached their contract with HOA members by misspending reserve funds. In their sixth claim, plaintiffs seek damages against the individual defendants. As remedies, plaintiffs request, among other things, findings that the individual directors have breached their fiduciary duties; that the HOA has breached its contract with unit owners; orders directing the individual defendants and the HOA to restore any misappropriated funds; orders barring defendants from using reserve funds to fund future litigation; and attorney fees and costs for pursuing this litigation.

The HOA and the individual defendants filed motions to strike under ORS 31.150. They contended that plaintiffs "seek to deprive defendants' constitutional right to petition the government, namely the right to pursue litigation on its behalf," and that plaintiffs would not be able to make a *prima facie* case in support of their claims. In response, plaintiffs argued that their claims were not ones that arose out of any of the protected activity under ORS 31.150. As for the *prima facie* case, plaintiffs argued that defendants admitted the *prima facie* case by admitting that they used reserve funds to fund litigation notwithstanding the restrictions imposed by the plain terms of the CC&Rs. They argued further that most of defendants' arguments regarding the *prima facie* case involved assertions of defenses.

The trial court denied the motion. It concluded that plaintiffs' action did not arise out of any of the protected activities identified in ORS 31.150(2) and, further, that plaintiffs had made their *prima facie* case with evidence that the HOA and individual defendants used reserve funds to fund litigation notwithstanding the fact that that was not a permissible use of reserve funds. The court thereafter entered a limited judgment denying the motions and defendants appealed. On appeal, they largely reprise their contentions below.

Although we agree with the trial court and plaintiffs that none of their claims arise out of the protected activity identified in ORS 31.150(2)(a) to (c), we disagree that

their claims do not arise out of protected activity described in ORS 31.150(2)(d). That provision allows for a special motion to strike a claim arising out of "[a]ny other conduct in furtherance of the exercise of the constitutional right of petition *** in connection with a public issue or an issue of public interest." Whether lawful or unlawful, defendants' decision to use reserve funds to fund litigation was in furtherance of their right to petition, and that is the precise conduct targeted by most of the claim in the complaint. *See, e.g.*, *Clackamas County Oregon v. Clackamas River Water*, 280 Or App 366, 370, 382 P3d 598 (2016), *rev den*, 360 Or 752 (2017) (filing litigation is petitioning activity). Moreover, the record reflects that the fate of the golf course was of great public interest in the Salem community. So, although defendants' spending of reserve funds on litigation may have been wrongful, it nonetheless falls within ORS 31.150(2)(d), which does not take into account whether the conduct on which a claim is predicated is wrongful. Rather, the merits of a plaintiff's allegation that particular conduct is wrongful are taken into account when the court considers whether a plaintiff has made a *prima facie* case in support of a claim challenged by a special motion to strike.

We therefore turn to the sufficiency of plaintiffs' *prima facie* case. We start with an observation. By its terms, ORS 31.150 authorizes a motion to strike a "claim" arising out of the specified protected activities. ORS 31.150(2). That indicates that the legislature intended that such motions would employ a claim-by-claim analysis as to whether a particular claim should be stricken. Here, though, defendants' motions did not engage in any claim-by-claim analysis. Rather, their motions appear to have treated ORS 31.150 as a broad-brush mechanism for striking a complaint, an approach that defendants have largely repeated on appeal. That is, defendants generally have not distinguished the claims from each other, and have not analyzed whether, for example, plaintiffs' *prima facie* case might be sufficient to entitle them to, say, the requested declaratory and injunctive relief even if it might not entitle them to monetary remedies. Because defendants themselves have not supplied us with any claim-by-claim analysis, we do not supply one on their behalf. Instead, we consider whether plaintiffs' *prima*

*facie* case is sufficient to permit any of the claims to go forward, without examining whether plaintiffs have established a *prima facie* case on all claims or whether they will be entitled to all of the different prospective and retrospective remedies they seek.

Taking that approach, we conclude that plaintiffs' *prima facie* case is sufficient. The CC&R provision governing reserve accounts, Article XI, Section 3, unambiguously prohibits the use of reserve funds for anything but the repair and replacement of improvements without a vote of the HOA membership that did not happen here. Although defendants contend that the provision can be read to give them the discretion to use some of the funds for different purposes, that is not a plausible reading of the following text in Section 3:

> "[N]or shall the funds be used for any purpose other than defraying all or part of the costs of major repair or replacement as provided herein, except by a vote of 2/3 of each class of members voting in person or by proxy, at an annual meeting or special meeting duly called for this purpose."

Because that text is plain, and because it is undisputed that defendants used reserve funds for unauthorized purposes, the evidence is sufficient to permit findings that the HOA breached the CC&Rs and also that the individual defendants breached their fiduciary duties to the members of the HOA even under the standards that govern such claims against the directors of nonprofit homeowners associations. As plaintiffs point out, in *WSB Investments, LLC v. Pronghorn Devel. Co., LLC*, 269 Or App 342, 344 P3d 548 (2015), we dealt with similar claims against the uncompensated directors of a nonprofit HOA. In concluding that the evidence was sufficient for some of the claims against the directors to go forward, we explained that liability for breach of fiduciary duty could be predicated on conduct conflicting with the unambiguous requirements of corporate bylaws or other controlling corporate documents:

> "Presented with evidence that a director acted in a way that was clearly prohibited by the governing documents, or failed to take an action that was clearly required by the governing documents, a factfinder could find not only that it was unreasonable for the director to believe that the conduct was in the best interest of the corporation, but also

that the director acted with reckless disregard to the corporation's best interest, as that interest has been defined by the corporation's governing documents, and, thus, with reckless disregard to the attendant breach of fiduciary duty."

*Id.* at 362. This case is no different. A similar line of analysis leads to the conclusion that a reasonable factfinder could find that the HOA, acting through its directors, breached the CC&Rs by using reserve funds for impermissible purposes.[2] In other words, plaintiffs have made a *prima facie* case that defendants have acted in disregard of an unambiguous provision of the CC&Rs, something that would allow a factfinder to find in their favor on at least some of their claims, and to conclude that they were entitled to at least some of their requested remedies, against the HOA and the individuals.

Notwithstanding the evidence that would permit a reasonable factfinder to find that defendants spent, and might continue to spend, reserve funds on litigation in violation of the terms of the CC&Rs, defendants argue that they nonetheless would be entitled to prevail on a number of defenses. Without deciding the extent to which a defendant may litigate a potential defense in the context of a special motion to strike, we have considered defendants' arguments and the evidence that they contend compels the conclusion that, on this record, plaintiffs' claims must fail as a matter of law. Based on that consideration, we conclude that a reasonable factfinder would not be compelled to reject plaintiffs' claims that the HOA breached the CC&Rs, and that the individual directors breached their fiduciary duty to the members of the HOA when they used reserve funds in a manner not allowed by the CC&Rs.

Defendants additionally assert that plaintiffs lack standing to enforce the CC&Rs, arguing that, ordinarily,

---

[2] Although plaintiffs pleaded their breach-of-contract claim against both the individual defendants and the HOA, it is not clear that the individual defendants, acting in their capacity as directors and not HOA members, would appropriately be viewed as parties to the CC&Rs. *See, e.g.*, *WSB Investments, LLC*, 269 Or App at 356 (discussing similar point). The parties can sort that out in the trial court where they can engage in a more focused claim-by-claim analysis than they have done to date, through summary judgment or trial motions, as needed and appropriate.

actions like plaintiffs' must be brought as a derivative action. That may be so, but, as plaintiffs point out, the CC&Rs unambiguously grant them, as lot owners, the right to sue in law or equity to enforce the CC&Rs. In view of those provisions of the CC&Rs, we reject defendants' contentions that plaintiffs lack standing to seek to enforce the limitations the CC&Rs place on the use of reserve funds.

Affirmed.