No. 166 March 6, 2024 459

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Martyn SHORTEN
and Deborra Shorten,
husband and wife,
*Plaintiffs-Respondents,*

*v.*

Jennifer HIMMELSBACH,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CV25507; A177873

David F. Rees, Judge.

Argued and submitted November 6, 2023.

Judy Danelle Snyder argued the cause for appellant. Also on the briefs were Holly Lloyd and Law Offices of Judy Snyder.

Elizabeth C. Savage argued the cause for respondents Martyn Shorten and Deborra Shorten. Also on the brief was Karmel Savage, PC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a limited judgment denying her special motion to strike pursuant to Oregon's Anti-Strategic Lawsuits Against Public Participation statute, ORS 31.150,[1] as it relates to certain allegations of plaintiffs' intentional infliction of emotional distress (IIED) claims. She challenges the trial court's denial of her special motion to strike plaintiffs' IIED claims. We affirm.

ORS 31.150 "provides a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection." *Tokarski v. Wildfang*, 313 Or App 19, 21, 496 P3d 22, *rev den*, 368 Or 788 (2021). The statute establishes a two-step burden-shifting process to challenge a lawsuit based on protected activity. ORS 31.150. First, the defendant must make "a *prima facie* showing that the claim * * * arises out of" one of the delineated forms of protected speech. ORS 31.150(4). If the defendant succeeds, then, second, the burden shifts to the plaintiff, who must "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Id.* We review whether a defendant's conduct or statements trigger the statutory protections under step one of the analysis for errors of law. *Davoodian v. Rivera*, 327 Or App 197, 209, 535 P3d 309 (2023).

Plaintiffs brought five claims against defendant—defamation *per se*, defamation, interference with business relationship, and two IIED claims—stemming from defendant's conduct, which included posting messages on social media platforms and sending direct messages to one of the plaintiff's business clients alleging that plaintiff Martyn Shorten had sexually abused defendant and sending a "barrage" of text messages to plaintiffs and their daughter. The trial court granted defendant's special motion to strike the bulk of plaintiffs' claims, because the trial court determined that defendant's posts on various social media platforms and direct messages to business clients were protected speech under ORS 31.150(2). The trial court determined, however,

---

[1] ORS 31.150 was amended in 2024; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

that portions of the IIED claims survived the motion to strike; specifically, any IIED allegations based on sending "repeated and unwanted" text messages to plaintiffs and their daughter. The trial court concluded that that conduct was not "within the purview of ORS 31.150," because it was not in furtherance of a protected right of free speech.

In her first assignment of error, defendant argues that the trial court erred because it "improperly narrowed the focus of the first inquiry" to defendant's conduct of sending a "barrage" of text messages to plaintiffs and their daughter over a nine-month span rather than considering the totality of her conduct and statements. Defendant contends that because plaintiffs' pleadings combined all of the conduct under one IIED claim, which included both the text messages and the postings on social media, the trial court should have considered the text messages only in conjunction with the social media posts. We disagree.

The trial court properly denied the special motion to strike only as it relates to plaintiffs' claims arising out of the "barrage" of text messages, conduct that had no connection to furthering defendant's right to free speech. *See Lowes v. Thompson*, 331 Or App 406, 407 n 1, ___ P3d ___ (2024) (recognizing that a trial court can dismiss part of a plaintiff's claim when resolving a motion to dismiss under ORS 31.150 without dismissing the entire claim). The statute does not protect the sending of private text messages that are not in furtherance of the constitutional right of free speech in connection with a public issue. *See* ORS 31.150(2)(d) (providing that the conduct must be "in furtherance of the exercise of *** the constitutional right of free speech *** in connection with a public issue or an issue of public interest"). The *conduct* of sending a barrage of private text messages is not protected activity under ORS 31.150(2)(d), and plaintiff has not developed a connection between the *content* of those messages and any of the statutorily protected activities.

Our decision that defendant did not satisfy her burden under step one obviates the need to address defendant's second assignment of error, relating to step two of the analysis.

Affirmed.