No. 288 April 8, 2026 391

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Donnie YARN,
*Plaintiff-Appellant,*

*v.*

PINEHURST MANAGEMENT,
Innovative Housing Inc.,
*Defendants-Respondents,*

*and*

William EDGAR
and Pilina Inc.,
*Defendants.*

Multnomah County Circuit Court
24CV40883; A186272

Jenna R. Plank, Judge.

SubmittedFebruary 19, 2026.

Donnie Yarn filed the brief *pro se.*

Troy G. Sexton and Elevate Law Group filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff appeals from a judgment dismissing his claims under Oregon's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute. *See generally* ORS 31.150.[1] ORS 31.150(2)(a)(B) provides that a party can file an anti-SLAPP motion against any claim that arises out of "[a]ny oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a * * * judicial body." The question presented here is whether conduct occurring during the negotiation of a legal settlement of a pending lawsuit is protected activity under ORS 31.150. We conclude that conduct occurring during settlement negotiations of pending cases falls within the parameters of the anti-SLAPP statute and therefore affirm.

The relevant facts are few. Plaintiff and defendants are parties to a residential lease. Plaintiff, who is the tenant, has repeatedly sued defendants. Although the record does not reveal the full scope of those various lawsuits, the parties both agree that they engaged in settlement negotiations as part of one of those lawsuits.

Plaintiff then brought the action at issue here. In his complaint, plaintiff alleged three claims: defendants engaged in (1) "settlement misconduct," (2) retaliation, and (3) obstruction of justice. He alleged that the parties had been involved in a legal dispute and that throughout the dispute, defendants' counsel "engaged in coercive settlement tactics," including that defendants' counsel had "insisted that [plaintiff] vacate their premises as a condition of any settlement" in the prior litigation. He also alleged that "defendants' insistence on vacati[on] as part of the settlement * * * constitute[d] retaliation" and that defendants' counsel's "refusal to follow civil rules" and "the judge's complicity" amounted to obstruction of justice.

Defendants filed a special motion to strike under ORS 31.150. Defendants argued that plaintiff's complaint arose from conduct protected by the anti-SLAPP statute and plaintiff could not establish that there was a probability

---

[1] ORS 31.150 has been amended since plaintiff appealed; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

that he would prevail on the claim. *See* ORS 31.150(4) (providing that the party moving to strike has the initial burden of showing that the conduct complained of falls within the anti-SLAPP statute and then the burden shifts to plaintiff to show that "there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion").

In response, plaintiff asserted that his complaint included claims of "breach of warranty of habitability, retaliatory conduct, and other actionable misconduct not exclusively tied to statements or actions during prior settlement discussions" and thus did not fall within the scope of the anti-SLAPP statute. Alternatively, he argued that he could demonstrate a probability of prevailing on his claims because he had photographs and reports that showed defendants' breach of habitability and he could present evidence of defendants' "demands for [p]laintiff to vacate the premises as a condition for resolving past disputes," amounting to retaliatory conduct. Plaintiff averred that he could produce evidence that "included the letter from [d]efendants' attorney, which outlined the terms of the settlement agreement, including the requirement that [p]laintiff vacate the property as a condition for resolution," as well as "evidence of unsafe living conditions."

The trial court granted the special motion to strike. The judgment reflects that it did so based on "reasons stated on the record." According to plaintiff's statement of proceedings, the trial court concluded that "the settlement offer was petitioning activity within the meaning of the anti-SLAPP statute."[2]

On appeal, plaintiff challenges that ruling. He argues that the allegations in his complaint fall outside the parameters of the anti-SLAPP statute and that the court erred in concluding otherwise and dismissing his complaint. "We review a trial court's ruling on a special motion to strike

---

[2] Plaintiff moved to proceed with this appeal without the transcript, a motion that we granted. Plaintiff filed a statement of proceedings, and for purposes of the facts presented therein, defendants have not suggested any of those facts are inaccurate.

for legal error[.]" *Mohabeer v. Farmers Ins. Exchange*, 318 Or App 313, 316, 508 P3d 37, *rev den*, 370 Or 212 (2022). We agree with the trial court that plaintiff's claims fell within the anti-SLAPP statute because they arose out of activities protected by that statute and therefore affirm.

At the outset, we clarify what is before us. In response to defendants' anti-SLAPP motion below and again on appeal, plaintiff frames his claims as "breach of warranty of habitability, retaliatory conduct, and other actionable misconduct not exclusively tied to statements or actions during prior settlement discussions." He also asserts on appeal that he raised a claim of intentional infliction of emotional distress, which, in his view, similarly falls outside the scope of the anti-SLAPP statute. Plaintiff's complaint, however, does not allege any claim of breach of warranty of habitability or intentional infliction of emotional distress. Instead, all its allegations are tied to the prior lawsuit and settlement discussions: settlement misconduct (claim 1), retaliation with respect to the settlement (claim 2), and obstruction of justice by counsel and the judge (claim 3). Thus, the question we must answer is whether *those* claims are subject to a motion to strike under the anti-SLAPP statute. *See Tokarski v. Wildfang*, 313 Or App 19, 24-25, 496 P3d 22, *rev den*, 368 Or 788 (2021) (we examine the conduct that is targeted by the claims in the complaint).

Turning to that question, we begin with ORS 31.150(2)(a)(B). That statute provides that a defendant can make a special motion to strike against a claim in a civil action where, as relevant here, the claim "arises out of" "[a]ny oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a *** judicial body or other proceeding authorized by law." Defendants have the initial burden of making a *prima facie* showing that the cause of action "arises out of" one or more protected activities described in ORS 31.150(2). *Young v. Davis*, 259 Or App 497, 500-01, 314 P3d 350 (2013). The burden then shifts to plaintiff to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Id.* at 501.

We begin with defendant's motion to strike plaintiff's third claim, which concerned alleged "obstruction of justice" by counsel and the judge. *See Tokarski*, 313 Or App at 25 (noting that anti-SLAPP motions "employ a claim-by-claim analysis as to whether a particular claim should be stricken"). We conclude that defendants have made a *prima facie* showing that plaintiff's third claim arises out of activities protected by ORS 31.150(2)(a)(B). To the extent that plaintiff's claim relates to the prior lawsuit itself, the claim arises out of statements made in connection with an issue under review by a judicial body, *i.e.*, the trial court. *Baldwin v. Seida*, 297 Or App 67, 74, 441 P3d 720, *rev den*, 365 Or 769 (2019) ("the plain meaning of statements 'submitted in a judicial proceeding' means statements that are sent for consideration or presented for use in a court proceeding or a proceeding initiated to procure an order, decree, judgment, or similar action"); *see also Deep Photonics Corp. v. LaChapelle*, 282 Or App 533, 543-44, 385 P3d 1126 (2016), *rev den*, 361 Or 524 (2017) (anti-SLAPP statute "plainly covers statements made or documents submitted in connection with a case after it comes 'under consideration' by a court, such as, for example, pleadings filed with a court or statements made by an attorney or a witness at a hearing").

Turning to plaintiff's first and second claims, which concern conduct during settlement discussions, we also conclude that they arise from protected activities under ORS 31.150(2). Although no Oregon appellate court has addressed the question of whether claims that arise out of settlement negotiations of pending cases fall within ORS 31.150(2)(a)(B), California appellate courts have addressed the question for California's anti-SLAPP statute. The Oregon legislature modeled Oregon's anti-SLAPP statute on California's anti-SLAPP statute and "intended that California case law would inform Oregon courts" in construing Oregon's statute. *Page v. Parsons*, 249 Or App 445, 461-62, 277 P3d 609 (2012) (discussing the legislative history of Oregon's anti-SLAPP statute). When Oregon adopts a statute that is the same as or substantially similar to one from another jurisdiction, we presume the legislature was aware of and intended to adopt prior constructions of the statute by the highest court of that jurisdiction. *Handy v. Lane County*, 360 Or 605, 619, 385 P3d

1016 (2016) (citing *State v. Stockfleth/Lassen*, 311 Or 40, 50, 804 P2d 471 (1991)). However, for California Supreme Court cases that postdate Oregon's enactment of its anti-SLAPP provisions in 2001, and for cases by California's intermediate appellate courts, we rely on them only to the extent that they are persuasive. *See Lowes v. Thompson*, 374 Or 23, 38, 573 P3d 377 (2025) (considering a California Supreme Court case decided after the enactment of Oregon's statute for its persuasive value); *Chinese Consolidated Benevolent Assn. v. Chin*, 316 Or App 514, 523, 504 P3d 1196 (2021), *rev den*, 369 Or 855 (2022) ("[T]he California cases on which the dissenting opinion relies are not ones that are presumed to have been embraced by the Oregon legislature in adopting the anti-SLAPP provisions because they are products of California's intermediate appellate courts, not its Supreme Court.").

In *Dowling v. Zimmerman*, 85 Cal App 4th 1400, 1420, 103 Cal Rptr 2d 174 (2001), decided before Oregon enacted its anti-SLAPP statute, a California Court of Appeal concluded that the allegations in the complaint all stemmed from "acts of negotiating a stipulated settlement of" a pending lawsuit. California, like Oregon, provides that a party can move to strike a claim that is "made in connection with an issue under consideration or review by a \*\*\* judicial body." *Id.* at 1415 (quoting Cal Code Civ Proc § 425.16(e)(2)). The *Dowling* court concluded that the settlement-related causes of actions were made in connection with an issue under consideration by a judicial body. *Id.* at 1420. Cases that California courts have decided subsequently have adhered to that analysis and conclusion. *See O&C Creditors Grp., LLC v. Stephens & Stephens XII, LLC*, 42 Cal App 5th 546, 568-69, 255 Cal Rptr 3d 596 (2019) (negotiation and execution of a settlement agreement are protected activities under California's anti-SLAPP statute); *Navellier v. Sletten*, 29 Cal 4th 82, 90, 124 Cal Rptr 2d 530, 52 P3d 703 (2002) (finding the defendant's negotiation and execution of a release to be protected activity); *Seltzer v. Barnes*, 182 Cal App 4th 953, 972-73, 106 Cal Rptr 3d 290, *rev den* (2010) (reversing denial of anti-SLAPP motion in homeowner's action for fraud in connection with settlement negotiations in underlying lawsuit); *GeneThera, Inc. v. Troy*

*& Gould Professional Corp.*, 171 Cal App 4th 901, 908, 911, 90 Cal Rptr 3d 218 (2009) (affirming grant of anti-SLAPP motion in lawsuit based on firm's communication of settlement offer).

We agree with the California courts' conclusions—decided both before and after Oregon enacted its anti-SLAPP statute—that claims arising from settlement discussions during pending civil litigation are subject to a special motion to strike because they are claims that arise out of "[a]ny oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a *** judicial body." *See* ORS 31.150(2)(a)(B). This case illustrates as much. The parties were involved in litigation. Any settlement discussions related to ending that litigation were necessarily made in connection with the legal issues that were under consideration by the trial court.[3]

Having concluded that defendants met their *prima facie* burden of showing that plaintiff's claims arise out of protected activity, we turn to consider whether plaintiff established a probability that he would prevail on his claims. To do so, he must have presented substantial evidence to support a prima facie case. *Young*, 259 Or App at 501. Plaintiff presented photographs, inspection reports, and "documented communications" related to what he perceived to be defendants' failure to maintain habitable living conditions, which, in his view, established a "clear breach of the warranty of habitability." But, as explained above, that claim is not one that he raised in his complaint and thus cannot provide "substantial evidence" related to the three claims that he did bring. Because the record does not contain other substantial evidence supporting his claims, the trial court correctly granted defendants' motion to strike.

Affirmed.

---

[3] We offer no opinion on whether the anti-SLAPP provisions apply to claims arising out of settlement discussions that are not connected to pending litigation.